**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-30788
Summary Calendar

---

CALLIS COLLINS,

Plaintiff-Appellant,

versus

HARLEYSVILLE LIFE INSURANCE COMPANY,

Defendant-Appellee.

---
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-988-C
---

January 3, 2002

Before JOLLY, DAVIS, and STEWART, Circuit Judges:

PER CURIAM:[*]

Callis Collins (Collins) appeals the district court's summary judgment in favor of Harleysville Life Insurance Company (Harleysville), dismissing Collins' action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1144, for long-term disability benefits. Collins contends that the district court erroneously applied the wrong standard of review to Harleysville's denial of benefits. Alternatively, Collins contends that the district court erred in finding that Harleysville's plan administrator did not abuse its discretion in denying his claim.

We review *de novo* the district court's decision regarding the appropriate standard of review to be applied to an ERISA administrator's eligibility determination. Meditrust Fin. Servs. Corp. v. Sterling Chems. Incorp., 168 F.3d 211, 213 (5th Cir. 1999). Unless the terms of the plan give the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an administrator's decision to deny benefits is also reviewed *de novo*. Id. Regardless of the administrator's ultimate authority to determine benefit eligibility, however, factual determinations made by the administrator during the course of a benefits review will be rejected only upon the showing of an abuse of discretion. Id.

The plan administrator, Disability Management Alternatives (DMA), determined that Collins' disability was due to a pre-existing condition that he received treatment for during the three-month period prior to his policy's effective date. We conclude, as did the district court, that these determinations were more factual than interpretive in nature, and thus, the district court did not err in applying the abuse of discretion standard of review to DMA's decision to deny benefits. See Meditrust, 168 F.3d at 214; Vega v. National Life Ins. Servs., Inc., 188 F.3d 287, 295-97, 300-02 (5th Cir. 1999) (en banc).

Collins argues that DMA abused its discretion in denying his claim because, *inter alia*, DMA and its physician's consultant labored under a conflict of interest. Collins has failed to establish a conflict of interest on the part of DMA. See Vega, 188 F.3d at 301. Even assuming DMA's physician consultant did labor under a conflict of interest, Collins has failed to show that DMA abused its discretion in denying his claim. Excluded from coverage under the Harleysville policy was a total disability that was "caused or contributed to by or result[ed] from a pre-existing condition." "Pre-existing condition" is defined as a sickness or injury for which the insured received treatment within the three-month period before the policy's effective date. Collins admits that he sought treatment for cervical spondylosis, a degenerative disease of the spine, in late 1997 and that he took prescription medication for cervical spondylosis in February 1998. An October 1998, MRI noted central stenosis affecting Collins' C3-4, C4-5, C5-6, and C6-7 levels. Accordingly, the DMA could have rationally concluded that the disability resulting from Collins' diseased C4-5 level was caused or contributed to by or resulted from Collins' condition of cervical spondylosis for which he was treated in late 1997

2

and in February 1998.  Thus, there is a rational connection between the known facts and the decision of DMA to deny coverage.  See Meditrust, 169 F.3d at 214.

As DMA's decision to deny coverage was not arbitrary or capricious, the district court did not err in granting Harleysville's summary-judgment motion.  The district court's grant of summary judgment is therefore AFFIRMED.