United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60343
Summary Calendar

_____

SHARON L. ANDERSON,

Plaintiff-Appellant,

versus

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,
A Subsidiary of Unumprovident Corporation,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CV-92
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sharon L. Anderson appeals the magistrate judge's judgment

granting Provident Life and Accident Insurance Company's (PLAC)

motion for summary judgment and dismissing her complaint seeking

to collect benefits under a long term disability insurance policy

issued by PLAC.  Anderson argues that the denial of benefits

was an abuse of discretion in light of her treating physician's

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

opinion that she was totally and permanently disabled from engaging in her occupation as a bank president.

PLAC's medical personnel interpreted the results of clinical tests undergone by Anderson following corrective coronary procedures as showing that her condition had improved to the extent that she was capable of performing her sedentary occupation.  The administrator was not required to give special deference to the opinion of Anderson's treating physician, and Anderson has not provided a current opinion from her treating physician or any other medical evidence specifically refuting the opinions of the PLAC medical personnel.  See The Black & Decker Disability Plan v. Nord, 123 S. Ct. 1965, 1970-72 (2003).  Thus, the administrator's denial of disability benefits was not an arbitrary decision constituting an abuse of discretion.  Meditrust Fin. Servs. Corp. v. Sterling Chems. Inc., 168 F.3d 211, 213-215 (5th Cir. 1999).

Because Anderson did not argue below that the PLAC should have obtained an independent medical review of her condition, she is not entitled to review of that issue for the first time on appeal.  Bourgeois v. Pension Plan for the Employees of Sante Fe Int'l Corps, 215 F.3d 475, 480 n.14 (5th Cir. 2000).

The magistrate judge's judgment granting PLAC's motion for summary judgment and dismissing Anderson's complaint is AFFIRMED.