United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-10090
Summary Calendar

_____

ANGIE JONES,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-
Appellee.

-----------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-397-H
-----------------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Angie Jones appeals the summary judgment dismissal of her lawsuit against Metropolitan Life

Insurance Company ("MetLife"), alleging the unlawful denial of benefits under her former employer's

Long Term Disability Plan ("the Plan"). The district court's award of summary judgment is reviewed

de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision by MetLife to deny benefits is reviewed for an abuse of discretion. See Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 213 (5th Cir. 1999).

Jones has not demonstrated any material factual dispute regarding whether MetLife abused its discretion in denying her benefits which precluded summary judgment. She does not renew her argument that MetLife was bound by the Social Security Administration's determination that she was disabled, and that argument is thus waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Jones argues, for the first time on appeal, that because MetLife was both the insurer of the Plan and the fiduciary entrusted with complete discretion to decide whether to pay a claim for benefits, it operated under an impermissible conflict of interest which the district court failed to consider. However, this court will not entertain this newly raised argument. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Jones next contends that the district court erred in failing to consider the documentary evidence she submitted in opposition to summary judgment on the ground that it was not part of the administrative record. She argues that, if the district court had considered her evidence, it would have found disputed issues of material fact regarding whether she met the definition of "disabled" under the Plan.

Jones's argument is unavailing. The documents she submitted in support of her opposition to summary judgment were not part of the administrative record, were not relevant to how MetLife interpreted the terms of the Plan in the past, and offered no assistance to the district court in understanding medical terminology or practice. Instead, the documents were introduced to resolve factual disputes with respect to the merits of Jones's claim. Consequently, the district court did not err in refusing to consider them. See Estate of Bratton v. Nat'l Union Fire Ins. Co., 215 F.3d 516,

521 (5th Cir. 2000); <u>Vega v. Nat'l Life Ins. Servs., Inc.</u>, 188 F.3d 287, 299-300 (5th Cir. 1999) (<u>en banc</u>).

The undisputed facts demonstrate that MetLife's determination that Jones was not disabled within the meaning of the Plan was not arbitrary and was supported by substantial evidence, and the district court did not err in granting summary judgment dismissing Jones's claims. <u>See</u> <u>Meditrust</u>, 168 F.3d at 213-14. Accordingly, the district court's judgment is AFFIRMED.