**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-40204

_____


MEDITRUST FINANCIAL SERVICES CORPORATION,
NEW MEDICO ASSOCIATES, INCORPORATED,
and
OTIS ALCORN,
as Next Friend of Juanita Revels,

Plaintiffs-Appellants,

VERSUS

THE STERLING CHEMICALS, INCORPORATED, MEDICAL BENEFITS PLAN
FOR HOURLY-PAID EMPLOYEES,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

March 4, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Meditrust Financial Services Corporation, New Medico Associates, Incorporated, and Otis Alcorn (collectively "Meditrust") appeal a summary judgment in their action to recover medical coverage benefits under 29 U.S.C. § 1132(a)(1)(B), a provision of the Employee Retirement Income Security Act of 1974

("ERISA"). Concluding that the district court applied the proper standard of review to the plan administrator's actions and that the administrator did not abuse its discretion in denying the claim, we affirm.

I.

Juanita Revels suffered severe closed head injuries in an automobile accident. Initially, she fell into a coma. When she regained consciousness, she was rehabilitated at New Medico Associates, Incorporated ("New Medico"). Because she was a dependent of her step-father, Otis Alcorn, Revels's treatment was covered by The Sterling Chemicals, Incorporated, Medical Benefits Plan for Hourly-Paid Employees ("the Plan"). After several years of treatment, however, her parents terminated the treatment against her doctor's advice.

After regressing for nearly a year, Revels returned to New Medico for in-patient treatment, which New Medico billed at an out-patient rate. When New Medico submitted Revels's new round of treatment to the Plan, the expenses were denied as "not medically necessary in terms of generally accepted medical standards."

Although the Plan initially refused payment, the plan administrator, Metropolitan Life Insurance Company ("MetLife"), agreed to review the claim. After the claim was reviewed by a MetLife physician, the Plan denied the claim as not medically necessary because the treatment was not rehabilatory but merely

2

custodial in nature.

Revels's family appealed the claim several times. Although Meditrust's expert and treating physicians claim the treatment was medically necessary, five MetLife physicians reviewed the claim six times and concluded that it was not. Meditrust filed a § 1132(a)-(1)(B) action under ERISA to recover benefits improperly denied. Following cross-motions for summary judgment, the district court granted summary judgment to the Plan, holding that (1) the language of the Plan vested the administrator with discretion to determine eligibility for benefits and to interpret the terms of the Plan; (2) the determination of medical necessity was a factual inquiry subject to abuse of discretion review; and (3) the administrator neither abused its discretion nor acted in bad faith.

## II.

We review summary judgment *de novo*, employing the same standards as did the district court. *See Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 205 (5th Cir.), *cert. denied*, 119 S. Ct. 509 (1998). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also* FED. R. CIV.

3

P. 56(c).[1]

III.

A.

We review *de novo* the district court's decision regarding the appropriate standard of review to be applied to an ERISA administrator's eligibility determination. *See Branson v. Greyhound Lines, Inc., Amalgamated Council Retirement & Disability Plan*, 126 F.3d 747, 756 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1362 (1998). Unless the terms of the plan give the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," an administrator's decision to deny benefits is also reviewed *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the language of the plan grants such discretion, a court will reverse an administrator's decision only for abuse of discretion. *See id.* Regardless of the administrator's ultimate authority to determine benefit eligibility, however, factual determinations made by the administrator during the course of a benefits review will be rejected only upon the showing of an abuse of discretion. *See*

---

[1] Because the parties agreed to submit the case to the district court by motion, the Plan argues that the clearly erroneous standard of review should apply to that court's factual determinations. Application of the clearly erroneous standard would not be appropriate, however, because the district court employed a summary judgment standard of review in dismissing the claim. *See Pasant v. Jackson Nat'l Life Ins. Co.*, 52 F.3d 94, 96 (5th Cir. 1995) (employing *de novo* standard of review in appeal from dismissal on cross-motions for summary judgment).

4

*Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991).[2]  We agree with the district court that the Plan's decision was a factual determination triggering abuse-of-discretion review.

Meditrust contends that the determination of medical necessity requires the interpretation of the terms "medical necessity" and "generally accepted medical standards."  Meditrust calls these "terms of art" within the medical and insurance fields.  Moreover, Meditrust argues that determining whether the rehabilitative or custodial treatment fits within the medical necessity language is a purely interpretive question.  We disagree.

The Plan persuasively argues that the decision to deny benefits based on lack of medical necessity involves a review of the facts in Revels's hospital records and a determination of whether there is factual support for her claim.  The Plan's experts reviewed Revels's records for specific signs of medical improvement.  To determine whether further medical treatment was necessary, these doctors used their medical expertise to make a judgment about the likelihood of improvement in Revels's medical condition.

Therefore, these medical assessments do not constitute an

---

[2] Meditrust questions *Pierre*'s application of abuse of discretion review to factual determinations, noting that other circuits have criticized it.  *See Rowan v. UNUM Life Ins. Co. of Am.*, 119 F.3d 433, 435-36 (6th Cir. 1997); *Ramsey v. Hercules Inc.*, 77 F.3d 199, 202-05 (7th Cir. 1996); *Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1183-84 (3d Cir. 1991); *Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210, 1213-14 (4th Cir. 1990).

issue of contract interpretation. Deciding the medical progress of a patient through analysis of medical reports and records is similar to the factual determinations we have reviewed for abuse of discretion in other ERISA cases.[3] Therefore, we affirm the district court's conclusion that it should review the Plan's decision for abuse of discretion because the Plan made a factual determination.

B.

Because we review "a district court's determination of whether a plan administrator abused its discretionSSa mixed question of law and factSSde novo," *Sweatman*, 39 F.3d at 600, 601, we review the Plan's decision from the same perspective as did the district court, and we directly review the Plan's decision for an abuse of discretion. "'In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously.'" *Id.* at 601 (quoting *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1014 (5th Cir. 1992)).

We recognize that this court in *Pierre* refused to equate the "abuse of discretion" and "arbitrary and capricious" standards. "Our thorough consideration leads us to the conclusion that the arbitrary and capricious standard for factual determinations is

---

[3] *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield,* 97 F.3d 822, 828 (5th Cir. 1996) ("Blue Cross concedes that its decisions regarding medical necessity of the [treatment] were factual determinations subject to abuse of discretion review by the district court under *Pierre*."); *Sweatman,* 39 F.3d at 598 ("Sweatman concedes that MetLife's determination that she was not disabled was more factual in nature than interpretive . . . .") (internal quotations omitted).

inapplicable . . . ." *Pierre*, 932 F.2d at 1562. We are bound, however, by an earlier decision of this circuit[4] that expressly preserves the arbitrary and capricious standard for the review of a plan administrator's decision, even in light of *Bruch*. "As long as the interpretations or fact-findings are not arbitrary or capricious, we do not upset them." *Penn v. Howe-Baker Eng'rs, Inc.*, 898 F.2d 1096, 1100 (5th Cir. 1990). The *Penn* court went on to point out that "the way to review a decision for abuse of discretion is to determine whether the plan committee acted arbitrarily or capriciously." *Id.* at 1100 n.2A. We agree with the *Wildbur* court that there is only a "semantic, not a substantive, difference" between the arbitrary and capricious and the abuse of discretion standards in the ERISA benefits review context. *See Wildbur*, 974 F.2d at 635.

We also note that cases after *Pierre* have used the "arbitrary and capricious" standard as part of abuse-of-discretion review.[5] Similarly, we decline to follow *Pierre* to the extent that it

---

[4] When panel decisions are in conflict, the earlier one controls. *See Narvaiz v. Johnson*, 134 F.3d 688, 694 (5th Cir.) ("It is more than well-established that, in this circuit, one panel may not overrule the decision, right or wrong, of a prior panel in the absence of *en banc* reconsideration or superseding decision of the Supreme Court."), *cert. denied*, 118 S. Ct. 2364 (1998).

[5] *See, e.g.*, *Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1298 (5th Cir. 1994) ("[T]he decisions of the plan administrator can only be reversed if found to be arbitrary and capricious."); *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1513 n.13 (5th Cir. 1994) (referring to "our abuse of discretion/arbitrary and capricious standard . . . ."); *Duhon v. Texaco*, 15 F.3d 1302, 1306 (5th Cir. 1994) ("The standard of review we apply in our review of the plan administrator's decision is the arbitrary and capricious or abuse of discretion standard . . . .").

7

rejects the use of the "arbitrary and capricious" analysis as part of abuse-of-discretion review.[6]

### C.

When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Bellaire*, 97 F.3d at 828-29. Assuming that both parties were given an opportunity to present facts to the administrator, our review of factual determinations is confined to the record available to the administrator. *See Wildbur*, 974 F.2d at 639.

Although Meditrust cites several alleged instances of bad faith and challenges the procedures employed during the review

---

[6] With one exception, our sister circuits also have folded the "arbitrary and capricious" standard into the "abuse of discretion" standard in the wake of *Bruch*. *See*, *e.g.*, *Vizcaino v. Microsoft Corp*, 120 F.3d 1006, 1009 (9th Cir. 1997) ("[T]he exercise of [the Plan's] discretion is reviewed under the arbitrary or capricious standard, or for abuse of discretion, which comes to the same thing." (internal quotations omitted)); *Sheppard & Enoch Pratt Hosp., Inc.*, 32 F.3d 120 (4th Cir. 1994) (reviewing denial of benefits under "arbitrary and capricious or abuse of discretion" standard); *Abynathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40 (3d Cir. 1993) (holding that arbitrary and capricious standard is essentially the same as abuse of discretion standard); *Callahan v. Rouge Steel Co.*, 941 F.2d 456, 458 (6th Cir. 1991) (reviewing denial of benefits under arbitrary and capricious standard but also weighing conflicts of interest as a factor); *Brown v. Blue Cross & Blue Shield*, 89 F.3d 1556, 1562 (11th Cir. 1990) ("We therefore hold that the abuse of discretion, or arbitrary and capricious, standard applies to cases such as this one [reviewing denial of benefits]."). *But see Morton v. Smith*, 91 F.3d 867 (7th Cir. 1996) (applying abuse-of-discretion standard in general but applying arbitrary-and-capricious standard when fiduciaries are bound to interpret plan under broad standard of good faith).

process, there is not sufficient support in the record to hold the administrator's denial of benefits arbitrary or capricious. Meditrust's argument that the Plan violated 29 U.S.C. § 1133 by failing to provide a "full and fair review" of Revels's claim is not persuasive. The Plan reviewed Revels's medical records six times, concluding on each occasion that the treatment was not medically necessary.

Meditrust further avers that these reviews were inadequate because the Plan's physicians were insufficiently trained and relied on incomplete records. Meditrust does not, however, point to any authority requiring the Plan to provide medical specialists when reviewing a claim.

Our review of the record supports the district court's finding that the Plan fully and adequately reviewed Revels's claim. The denial letters expressly contain the basis for the denial: "[T]he above mentioned therapy is educational and maintenance in nature, *rather than medically necessary for the treatment of an illness and/or injury*." (Emphasis added.) Moreover, the Plan's review was based on a full record. In fact, a collection agency retained by New Medico forwarded to the Plan "all of the medical records and supporting documentation . . . necessary . . . to review" Revels's claim prior to the fifth and sixth reviews.[7] The Plan's review of

_____

[7] We have upheld an administrator's denial of benefits based on an independent review of the claimants' medical records. "[The Plan Administrator] did not rely on Sweatman's physician's diagnoses only to ignore their advised

(continued...)

9

Revels's claim, using a number of qualified physicians and based on all the hospital records, constitutes enough of a "rational connection between the known facts and the decision" to survive arbitrary and capricious review.

IV.

In summary, the district court applied the appropriate standard of review and addressed each of Meditrust's arguments. Our review of the record reveals that the Plan did not abuse its discretion in denying coverage. The judgment is AFFIRMED.

---

[7](...continued)
treatment. Rather, [the Plan Administrator] denied Sweatman's claim based on the opinions of [independent doctors] disagreeing with those of Sweatman's physicians." *Sweatman*, 39 F.3d at 603.