IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30091
Summary Calendar
_____

CHRISTELLE THOMISEE,

Plaintiff-Appellant,

versus

COMDISCO INC.; ET AL.,

Defendants,

CONTINENTAL CASUALTY COMPANY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1640
--------------------
September 28, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Christelle Thomisee appeals the district court's grant of summary judgment in favor of the Continental Casualty Company in an Employee Retirement Income Security Act ("ERISA") suit. See 29 U.S.C. § 1001 et seq. Thomisee argues that summary judgment was inappropriate because Continental was not granted discretionary authority to define the terms of the insurance plan and that a de novo standard of review should have been applied by the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Continental was granted discretionary authority to determine eligibility. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 213, 214 (5th Cir. 1999). The medical evidence indicated that Thomisee experienced problems arising from her condition, but, after treatment, Thomisee did not experience many of the symptoms associated with a lupus-like disease and all of the pertinent medical tests were normal. In addition, the evidence showed that Thomisee was not totally disabled within the meaning of the policy because she was capable of performing light, sedentary work. Continental based its decision to deny benefits on the objective medical evidence, and its decision had a rational connection with the known facts. Accordingly, the conclusion by Continental that Thomisee was not totally disabled was supported by substantial evidence, and Continental did not abuse its discretion in denying benefits. See Meditrust Fin. Servs. Corp., 168 F.3d at 215.

AFFIRMED.