IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10500
Summary Calendar

_____

FAYE M EDWARDS,

Plaintiff-Appellant,

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA; ET AL,

Defendants,

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-66
--------------------
December 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Faye M. Edwards appeals the district court's summary judgment in favor of Life Insurance Company of North America ("LINA"), dismissing Edwards' action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1144. Edwards contends that the district court erred in granting summary judgment because LINA abused its discretion in determining that she was not totally disabled under the terms of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the insurance policy LINA issued to Edwards' former employer. Edwards further argues that LINA should be estopped from asserting that she is not totally disabled under the Seventh Circuit's decision in Ladd v. ITT Corporation, 148 F.3d 753 (7th Cir. 1998).

We review the grant of a summary judgment de novo, using the same standards as used by the district court. Meditrust Fin. Serv. Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 213 (5th Cir. 1999). LINA's determination that Edwards was not totally disabled was a factual determination triggering abuse-of-discretion review. Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 600 (5th Cir. 1994). Our deferential review of LINA's factual determination is confined to the record that was available to LINA. Meditrust, 168 F.3d at 215.

We have reviewed the record and the briefs submitted by both parties and conclude that LINA did not abuse its discretion in determining that Edwards was not totally disabled under the terms of the insurance policy. LINA carefully reviewed all of the information submitted by Edwards in support of her disability claim, gave her ample opportunity to submit additional information regarding her medical condition, and explained the reasons for its denial of her claim. LINA's reliance on Dr. Tafel's report rather than Dr. Veggeberg's did not constitute an abuse of discretion. See Sweatman, 39 F.3d at 600-03; Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 380 (7th Cir. 1994).

Although Edwards now raises, for the first time on appeal, many factual challenges to LINA's determination, she fails to

demonstrate that the district court committed plain error in granting summary judgment.  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995) (stating possibility that question of fact could rise to the level of plain error is remote).

Furthermore, the Seventh Circuit's decision in Ladd was based on the fact that the plan administrator abused its discretion.  Ladd, 148 F.3d at 755-56.  Judicial estoppel merely provided additional support for the court's decision.  Id. Moreover, LINA's actions cannot be equated to the actions of the defendants in Ladd.  Edwards' estoppel argument, therefore, is unavailing.

AFFIRMED.