United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-40113
Summary Calendar

**ROBERT TATUM; VIRGINIA RENEE TATUM,**

**Plaintiffs-Appellants,**

**versus**

**SPECIAL INSURANCE SERVICES; JOE HILL & ASSOCIATES;
DENISE M. HODGES,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Eastern District of Texas
(9:01-CV-261)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Tatum (Tatum) and Viginia Renee Tatum appeal the summary judgment awarded defendants against their action seeking benefits under the employee insurance policy purchased by Tatum's employer, Turner Wood Products (TWP), which was administered by Special Insurance Services (SIS). The Tatums contend that the policy did not constitute a "plan" for purposes of the Employee Retirement Income Security Act (ERISA); and that, if the policy is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an ERISA plan, SIS was liable for numerous technical violations of ERISA and Tatum was entitled to benefits under the policy.

There are three steps in the analysis for whether an insurance policy purchased by an employer is subject to ERISA. *See **Hansen v. Continental Ins. Co.***, 940 F.2d 971, 975-78 (5th Cir. 1991).

The first step is inquiring into whether the plan falls under the safe harbor regulations. ***Id.*** at 976-77. TWP paid the premium for the policy. The policy therefore fell outside the scope of the safe harbor exempting certain group benefit programs from ERISA's provisions. ***Id.***

The second step is inquiring into whether there is a "plan". ***Id.*** at 977. In this case, a reasonable person could ascertain from the policy its intended benefits, its class of beneficiaries, its source of financing, and its procedures for receiving benefits. The policy therefore was a "plan". ***Id.***

The final step is inquiring into whether the plan is an ERISA plan; it is if the employer is involved in administering the plan and if the employer has the purpose of benefitting its employees. ***Id.*** at 977-78. Here, there is no dispute that TWP was involved in administering the plan and intended to benefit its employees. Therefore, there is an ERISA plan; and summary judgment was properly awarded against Tatums' preempted state law claims.

The Tatums contend that SIS was liable for technical violations of ERISA. These claims were not presented in district

2

court so we will not consider them. *E.g., **Vogel v. Veneman***, 276 F.3d 729, 733 (5th Cir. 2002).

The Tatums moved the district court to permit them to amend their complaint to make such contentions; but, they do not contend here that the district court erred by implicitly denying their motion. They have abandoned that issue for appeal. *E.g., **In re Municipal Bond Reporting Antitrust Litigation***, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

TWP's policy provided that the single limit benefit period was 52 weeks; that the policy would reimburse the cost of covered charges; and that it would pay covered charges that were incurred within one year of the date of an accident. The policy did not provide for any procedure requiring SIS to preauthorize payments or services. Tatum's January 2001 surgery occurred more than one year after his 2 March 1999 accident. Under the plain language of the policy, Tatum was not entitled to benefits.

The Tatums' claim that the statements and conduct of SIS employees altered the terms of the policy or otherwise entitled Tatum to benefits amounts to a promissory estoppel claim. "ERISA disfavors generally arguments based on promissory estoppel or on alleged modifications of plan documents that are not made via the plan's internal amendment process." ***Izzarelli v. Rexene Prods. Co.***, 24 F.3d 1506, 1517 (5th Cir. 1994). Oral modifications to an employee welfare benefit plan governed by ERISA cannot form the

3

basis for a breach-of-contract claim. ***Williams v. Bridgestone/Firestone, Inc.***, 954 F.2d 1070, 1072 (5th Cir. 1992).

As discussed above, the Tatums have abandoned their contentions based on the alleged failure of SIS to provide Tatum with a summary plan description (SPD) or a copy of the policy itself. We therefore need not address the possible effect of any non-provision of an SPD or copy of the policy on the Tatums' estoppel argument.

Even if the Tatums are correct that Tatum was required to coordinate all of his care through a case manager and that his telephone calls were not returned after his visit with the independent medical examiner, the Tatums are attempting to rely on oral representations to modify the written terms of the policy. Their estoppel claim is unavailing.

The district court did not err in determining that there were no genuine issues of material fact. The summary judgment was proper. *See* ***Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.***, 168 F.3d 211, 213 (5th Cir. 1999).

***AFFIRMED***

4