United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30447
Summary Calendar

KATHERINE EVERETT,

                                        Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORP.;
FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-141
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     Katherine Everett filed this suit pursuant to the Employee
Retirement Income Security Act to challenge the defendants'
(FedEx's) determination that she was not totally disabled and
thus no longer eligible for disability benefits.  The district
court granted FedEx's motion for summary judgment, and Everett
appeals this judgment.  This court reviews a district court's

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grant of summary judgment de novo.  Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998).

Everett first argues that the district court erred in determining that the "sliding scale" standard of review did not apply to her claim.  Everett has not shown that FedEx had a conflict of interest such that the sliding scale standard should apply.  See Vega v. Nat. Life Ins. Servs., Inc., 188 F.3d 287, 296 (5th Cir. 1999) (en banc).  She thus has not shown that the district court erred in declining to apply this standard.

Everett next argues that the district court erred in rejecting her argument that FedEx legally erred when it applied the wrong definition of "significant objective findings" to analyze her claim of disability.  Everett has not established that there are inconsistencies between the definitions of that term found in the benefits plan and the summary plan description at issue in this case.  See Wise v. El Paso Natural Gas Co., 986 F.2d 929, 939 (5th Cir. 1993).  She thus has not shown that the district court erred in rejecting this argument.

Everett's final contention is that the district court erred in determining that FedEx had not abused its discretion in determining that she was not totally disabled and rejecting her claim for continued benefits.  The record contains substantial evidence to support FedEx's rejection of her claim.  See Meditrust Fin. Servs. Corp. v. Sterling Chems. Inc., 168 F.3d

211, 213-15 (5th Cir. 1999).  Accordingly, Everett has not shown that the district court erred in rejecting this claim.

Everett has not shown that the district court erred in granting FedEx's motion for summary judgment and dismissing her suit.  Accordingly, the judgment of the district court is AFFIRMED.