United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

Nº 05-50688
Summary Calendar

_____

LINDA CHANDLER,

Plaintiff-Appellant,

VERSUS

HARTFORD LIFE, ET AL.,

Defendants,

HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY
AND THE ERISA PLAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
Nº 5:-01-CV-1159

_____

Before SMITH, GARZA, and PRADO,
    Circuit Judges.

PER CURIAM:[*]

Linda Chandler appeals a summary judgment in favor of Hartford Comprehensive Employee Benefit Service Company ("Hartford"), administrator of her employer's Short-Term Disability Plan ("the Plan"), on her claim for benefits under the Plan. We affirm.

I.

Chandler worked at Time Warner, Inc. ("Time Warner"), from April 27, 1988, through September 8, 1999. At the time relevant to this action, she held the position of account executive.

In August 1999 Chandler filed a claim with Hartford, the administrator of Time Warner's Short-Term Disability Plan, seeking benefits under the Plan, which provides benefits to employees who are "totally disabled." An employee is totally disabled if he is prevented by, *inter alia*, bodily injury, sickness, or mental illness from performing the essential duties of his occupation. A statement submitted to Hartford by Time Warner described the activities of an account executive as "sedentary or light work."

The Attending Physician's Statement, submitted by Chandler along with her claim form and signed by Dr. Alex de Jesus, stated that she had been diagnosed in April 1998 with undifferentiated connective tissue disease ("UCTD"), a chronic inflammatory autoimmune disorder.[1] The symptoms of which Chandler complained were pain, stiffness, weakness, fatigue, fever, and depression. According to the Attending Physician's Statement, Chandler's physical limitations consisted of "[s]evere limitation of functional capacity; incapable of minimal (sedentary) activity." From a psychiatric standpoint, the Statement described her as "[u]nable to engage in stressful situations or in interpersonal relationships . . . ." Despite the severe characterization of Chandler's illness and limitations, de Jesus left blank the space under the heading of "Physical Findings," where the attending physician is asked to list all relevant laboratory tests and results. Chandler ceased working because of her impairment on September 8, 1999.

After receiving Chandler's claim, Hartford requested her tests results from de Jesus and asked him to explain what, exactly, prevented her from performing the largely sedentary duties of an account executive. De Jesus did not send any test results and failed to give Hartford a precise explanation of Chandler's physical limitations. Accordingly, in November 1999 Hartford denied Chandler's claim for benefits under the Plan, stating that the evidence submitted in support of her claim did not establish that she was totally disabled. Hartford informed Chandler that she could ap-

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Generally, individuals diagnosed with UCTD display symptoms indicative of an autoimmune disorder or connective tissue disease but do not have enough symptoms to meet the diagnosis for a well-defined connective tissue disease such as rheumatoid arthritis, lupus, or scleroderma. Connective tissue includes skin, cartilege, and other tissue in the joints and surrounding the organs. An autoimmune disorder is characterized by an immune system's turning on the individual's body, attacking parts of the body as if they were foreign invaders such as bacteria.

peal its decision and was free to submit additional information that would help it evaluate her claim. Chandler subsequently appealed three times, and Hartford reaffirmed its denial on each occasion.

During this series of appeals, Time Warner submitted to Hartford a more detailed description of Chandler's job, which consisted of making sales calls, preparing and implementing strategy, processing paperwork, and interfacing with staff personnel. The physical demands of the position included sitting for long periods of time, reaching with hands and arms, working rapidly under pressure for eight hours a day, and occasionally lifting 10-20 pounds. After receiving this information from Time Warner, Hartford sent the administrative record in Chandler's case to two doctors, George Kazda, Associate Medical Director of Hartford, and Harvey Schwartz, board-certified in rheumatology. Following a review of the record and a telephone interview with de Jesus, Kazda concluded:

Ms. Allshouse-Chandler continues to have multiple variable complaints with minimal findings on clinical examination. Specifically, there is no evidence of active arthritis. There is normal range of motion of all her joints. There is normal muscle strength. Dr. De Jesus does not report any need for specific physical restrictions . . . . There is compelling evidence that stress of daily life, work, and depression significantly contribute to her subjective symptoms . . . . Dr. De Jesus feels that there is no need to place any specific physical restrictions on the claimant. . . . [I]t is my opinion that Linda Allshouse-Chandler should be able to carry out her own sedentary occupation. It may be prudent for her to limit her excessive working hours.

Dr. Schwartz similarly opined that

the primary symptoms that [Chandler] has regarding the musculoskeletal system . . . are best considered as part of fibromyalgia and not connective tissue disease symptoms. In addition, it has been pointed out in other reports, she never had evidence of organ involvement with connective tissue disease. Dr. De Jesus' office notes . . . describe[] various joint and muscle pains, but there is no documentation of loss of mobility or function. All the conclusions appear to be based on that obtained from the patient (subjective data as opposed to objective data.) . . . I conclude that . . . patient could work an eight-hour workday with no overtime

Hartford's repeated denials of Chandler's claim for short-term disability benefits were based largely on the conclusions of these doctors, coupled with Chandler's continual failure to present satisfactory evidence of total disability.

Following Hartford's fourth denial of her claim in July 2000, Chandler continued, through July 2001, to submit additional evidence to the company. In December 2001, she sued Hartford under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The parties agreed in September 2002 to remand to the claims administrator for a final review of all the evidence, including that which Chandler had submitted between July 2000 and July 2001. Hartford retained two independent physicians to review the complete administrative record and, on the basis of their analyses, concluded that its prior assessments of Chandler's case were correct and upheld its denial of her claim.

The case then went back to court, where

Hartford moved for summary judgment, arguing that Chandler had failed to prove that she is totally disabled and that its denial of benefits was neither arbitrary nor capricious. The district court granted Hartford's motion.

## II.
### A.

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We review a grant of summary judgment *de novo*, using the same criteria as employed by the district court. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

### B.

"Whether a district court employed the appropriate standard in reviewing an eligibility determination made by an ERISA plan administrator is a question of law" that we review *de novo*. *Ellis v. Liberty Life Ins. Co.*, 394 F.3d 262, 269 (5th Cir. 2004). The district court determined that Hartford's denial of Chandler's claim should be reviewed only for an abuse of discretion. We agree.

"Consistent with established principles of trust law, a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000). When an administrator or fiduciary is given such discretionary authority, however, a denial of benefits is r-

eviewed for an abuse of discretion. *Ellis*, 394 F.3d at 269.

Under the Plan, it is the duty of the claims administrator (Hartford) to "(1) determine benefits payable according to the terms and conditions of the Plan; (2) make payment for benefits payable; and (3) decide appeals of claims." The claims administrator "has full discretion and authority to construe and interpret all terms and provisions which relate to the amount of, or eligibility for, benefits under the Plan." Hartford argues that this language grants it the discretionary authority to determine eligibility for benefits, notwithstanding that the Plan also states that "the Employer has the responsibility for making final determinations regarding eligibility for coverage."

We agree with Hartford. The fact that Time Warner possesses the final authority to determine eligibility for coverage does not deprive Hartford of discretionary authority with respect to the determination of the benefits available under the Plan for discrete claims.

Additionally, as the district court noted, Chandler has not challenged Hartford's interpretation of any Plan term. Rather, she claims that she has submitted sufficient proof of total disability. Accordingly, this case turns on Hartford's factual determination that Chandler is not totally disabled. "Regardless of the administrator's ultimate authority to determine benefit eligibility . . . factual determinations made by the administrator during the course of a benefits review will be rejected only upon the showing of an abuse of discretion." *Meditrust Fin. Serv. Corp. v. Sterling Chem., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).

### C.

To determine whether a plan administrator abused its discretion in denying benefits, we

ask whether the administrator acted arbitrarily or capriciously. *Id*. at 214. "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence. A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Id*. at 215 (internal quotations and citations omitted).

Hartford's denial of Chandler's claim was based on the conclusions of its own medical director and the analyses of independent physicians. Chandler places special weight on the conclusions of her own treating physician. Nothing in ERISA, however, "suggests that plan administrators must accord special deference to the opinions of treating physicians." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003). Additionally, courts "may not impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Id*. at 834.

Though Chandler may disagree with Hartford's determination that she is not totally disabled, it cannot be said that there is no rational connection between the administrator's found facts and the evidence, particularly considering that Chandler arguably never submitted any information, other than her own subjective complaints, that supports a conclusion that her physical abilities have been limited to such a degree that she cannot perform the largely sedentary position of an account executive. Concluding that the administrator's denial of Chandler's claim for benefits under the Plan was not an abuse of discretion, we AFFIRM the summary judgment.

5