# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60925
Summary Calendar

SHARON WEST

Plaintiff-Appellant

V.

UNUM PROVIDENT; UNUM LIFE INSURANCE COMPANY OF AMERICA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-12

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sharon West ("West") appeals from the District Court decision denying her motion for summary judgment and granting Defendant-Appellee UNUM Life Insurance Company of America's ("Unum")[1] motion for summary judgment.  West also appeals from the District Court decision denying her motion to supplement the administrative record.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] UNUM Provident was dismissed as a defendant and is not a party to this appeal.

I

West was a clinical psychiatrist at Forrest General Hospital ("FGH"). While employed at FGH, West enrolled in FGH's ERISA-qualified disability insurance plan ("Plan"). Unum administered the Plan and reserved full discretion to determine eligibility for benefits. West suffered from several physical and neuropsychological conditions, including severe headaches. Based on these conditions, West filed for benefits under the Plan. Unum initially paid West's disability claim based on her severe headaches. Doctors later removed a tumor from West's neck in an effort to eliminate her headaches.

Following her surgery, West continued to claim that she was disabled. Unum continued to pay West's disability claim under a reservation of rights while Unum further investigated her claim. Following the completion of its investigation, Unum denied West's disability claim finding that she was not disabled. West appealed the determination to Unum. Unum reexamined her claim and upheld its initial determination that West did not qualify for disability benefits under the Plan. In reaching its decision, Unum consulted eleven experts including West's two treating physicians, seven medical and neuropsychological professionals, and two occupational therapists.

West filed suit in the District Court alleging that Unum improperly denied her benefits. West and Unum cross-moved for summary judgment. The District Court granted Unum's motion and denied West's motion. West also moved to supplement the administrative record with a favorable Social Security Disability ("SSD") decision, which the Social Security Administration ("SSA") had issued after Unum had denied West's disability claim. The District Court denied West's motion to supplement the record.

II

This appeals presents two issues: (A) whether the District Court erred in granting Unum's motion for summary judgment and denying West's motion for

summary judgment and (B) whether the District Court erred in denying West's motion to supplement the administrative record. The District Court reviewed Unum's decision for abuse of discretion because the Plan gave Unum discretionary authority to determine eligibility. See Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 269 (5th Cir. 2005); Gooden v. Provident Life & Accident Ins. Co., 250 F.3d 329, 332-33 (5th Cir. 2001). We review the District Court decision de novo, applying the same abuse of discretion standard. See Robinson v. Aetna Life Ins. Co., 443 F.3d 389, 392 (5th Cir. 2006). To determine if Unum abused its discretion, "we analyze whether the plan administrator acted arbitrarily or capriciously." Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 214 (5th Cir. 1999). "A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the founds facts and the evidence." Id. at 215. We likewise review the District Court decision denying West's motion to supplement the record for abuse of discretion. See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co., 332 F.3d 847, 854 (5th Cir. 2003) (per curium) (stating abuse of discretion is the standard of review for the denial of motion to supplement the record); In re Liljeberg, Inc., 304 F.3d 410, 433 (5th Cir. 2002) (same); see also Fields v. Pool Offshore, Inc., 182 F.3d 353, 360 n.7 (5th Cir. 1999).

## A

The District Court granted Unum's motion for summary judgment and denied West's motion for summary judgment because it found substantial evidence in the administrative record supporting Unum's decision. West argues that the District Court erred because the administrative record does not support Unum's decision and because Unum arbitrarily disregarded the opinions of West's two treating physicians who submitted reports supporting West's disability claim. Unum counters that the District Court correctly ruled on the parties' summary judgment motions because Unum conducted a thorough

investigation, weighed all the evidence, and granted summary judgment against West based on substantial evidence in the administrative record.

Like the District Court, we will uphold the decision of a plan administrator if it is neither arbitrary nor capricious and therefore is supported by substantial evidence. Ellis, 394 F.3d at 373; Meditrust, 168 F.3d at 215. We previously have upheld a plan administrator's decision when it was supported by substantial evidence in the administrative record notwithstanding the existence of some contradictory evidence. See Meditrust, 168 F.3d at 215. Unum consulted eleven experts to evaluate West's disability claim including West's two treating physicians, seven additional medical and neuropsychological professionals, and two occupational therapists. Nine of these experts found that West was not disabled and that she could perform the duties of a clinical psychiatrist. Only two experts found that West was disabled and that she could not perform the duties of a clinical psychiatrist. Unum found that West did not qualify for disability benefits under the Plan. Based on our review of the record, we find that Unum's decision was neither arbitrary nor capricious and therefore was supported by substantial evidence. See Robinson, 443 F.3d at 395-96; Gooden, 250 F.3d at 333-34; Vega v. Nat'l Life Ins. Serv., 188 F.3d 287, 301-02 (5th Cir. 1999) (en banc); Meditrust, 168 F.3d at 215.

B

The District Court denied West's motion to supplement the administrative record with her favorable SSD decision. West argues that the District Court erred in denying her motion because the SSD decision is informative of the Plan's interpretation and the medical terms and procedures relating to her claim. Unum counters that the District Court correctly denied West's motion because her SSD decision is neither informative of the Plan's interpretation nor the medical terms and procedures relating to West's claim.

The District Court generally considers only the evidence contained in the administrative record when reviewing a plan administrator's decision. See Vega, 188 F.3d at 299; Meditrust, 168 F.3d at 215. The District Court may, however, consider extra-record evidence in two instances: (1) if the evidence is informative of the plan's interpretation or (2) if the evidence is informative of medical terms and procedures relating to the claim. See Vega, 188 F.3d at 299.

We address the two Vega exceptions in turn. First, evidence is informative of a plan's interpretation when the plan administrator routinely follows or relies upon that evidence in interpreting the plan. See Moller v. El Campo Aluminum Co., 97 F.3d 85, 86, 87-88 (5th Cir. 1996) (per curium). Here, West presents no evidence that Unum routinely followed or relied upon SSD decisions in interpreting the plan. Accordingly, the SSD determination does not fall within the first Vega exception. See 188 F.3d at 299. Second, evidence is informative of the medical terms and procedures relating to claims when the evidence aids the District Court in understanding the technical aspects of the claim. See Vega, 188 F.3d at 299. Here, West fails to show that the SSD determination would have aided the District Court in understanding the medical procedures and terms related to her claim. Accordingly, the SSD determination does not fall within the second Vega exception. See id. Because the SSD decision does not fall within either of the two Vega exceptions, we hold that the District Court did not abuse its discretion in denying West's motion to supplement the administrative record. See id.; see also Horton v. Prudential Ins. Co. of America, 51 F. App'x 928, at *3 (5th Cir. 2002) (per curium) (unpublished) (holding that Social Security Administration decision did not fall within either Vega exceptions).

III.

For the foregoing reasons, we AFFIRM the District Court.

AFFIRMED.