IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30303
Summary Calendar

LONNIE JAMES JOHNSON JR

Plaintiff - Appellant

V.

HARTFORD LIFE & ACCIDENT INSURANCE CO

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-215

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lonnie James Johnson, Jr. ("Johnson") was a participant in a group long-term disability benefit plan sponsored by his employer, McElroy Metal Mills, Inc. The benefit plan was funded by insurance issued by Hartford Life and Accident Insurance Company ("Hartford"). Hartford administered claims under the plan. Johnson filed a claim for long-term disability benefits under the plan, which Hartford denied. Johnson filed suit against Hartford, asserting a claim for long-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The district court dismissed Johnson's claims with prejudice, and Johnson appealed.

Johnson filed a "motion for decision on stipulated record," and the district court employed an abuse of discretion standard to review Hartford's denial of Johnson's claim for long-term disability benefits. We apply the same standard of review as the district court, reversing only if the plan fiduciary's decision is not supported by substantial evidence and is arbitrary and capricious. Corry v. Liberty Life Assurance Co. of Boston, 499 F.3d 389, 399 (5th Cir. 2007) (citations omitted); Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 214-15 (5th Cir. 1999).

Having reviewed the record, we find no abuse of discretion. For essentially the reasons stated by the district court, we AFFIRM.