AMENDED OCTOBER 16, 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

October 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-10072

PAMELA ALEXANDER

Plaintiff-Appellant

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1486-M

Before BENAVIDES, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Pamela Alexander, has been afflicted since 2002 by severe pain that, she contends, makes her unable to perform her job as a transplant coordinator in a hospital. Alexander had long-term disability insurance through her employer with the defendant, Hartford Life and Accident Insurance Co. Hartford denied Alexander's long-term disability claim in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

September 2003, and reaffirmed its denial in two subsequent administrative appeals in March and September 2004.

Alexander brought this suit in August 2007, arguing that Hartford had wrongfully denied her claim. On cross-motions for summary judgment, the district court granted summary judgment for Hartford. We reverse.

The parties dispute whether some additional medical records and other information that Alexander submitted to Hartford before filing suit should be treated as part of the administrative record under Vega v. National Life Insurance Services, Inc., 188 F.3d 287 (5th Cir. 1999) (en banc), in which the court held that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." Id. at 300. We do not reach this issue. On the basis of the administrative record as it stood when Hartford issued its final denial letter, we conclude that Hartford abused its discretion in denying Alexander's long-term disability claim.

"This court reviews summary judgments de novo in ERISA cases, applying the same standards as the district court." Corry v. Liberty Life Assurance Co. of Boston, 499 F.3d 389, 397 (5th Cir. 2007). "We review an administrator's denial of ERISA benefits for abuse of discretion if 'an administrator has discretionary authority with respect to the decision at issue.'" Id. (quoting Vega, 188 F.3d at 295). It is undisputed that Hartford had discretionary authority to determine eligibility for benefits under the policy at issue in this case, so the abuse of discretion standard applies.[1]

---

[1] Hartford undisputedly had a financial conflict of interest because it was responsible both for determining eligibility for benefits and for paying benefits. Under Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2343 (2008), the presence of such a conflict of interest in an ERISA case does not change the standard of review, but it is one factor that courts must consider in deciding whether the administrator abused its discretion. Id. at 2346.

A denial of benefits is not an abuse of discretion if it "is supported by substantial evidence and is not arbitrary and capricious." Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 273 (5th Cir. 2004). "Substantial evidence is 'more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Deters v. Sec'y of Health, Educ., & Welfare, 789 F.2d 1181, 1185 (5th Cir. 1986)). The question of whether there is substantial evidence must be considered "in the light of all the evidence." Corry, 499 F.3d at 399. A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999) (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 828 (5th Cir. 1996)) (internal quotation mark omitted).

We hold that Hartford abused its discretion because there was not a rational connection between its conclusion that Alexander was not disabled and the information on which it relied to support that conclusion.

Under the policy at issue, a person is "disabled" if he or she is "prevented . . . from performing one or more of the Essential Duties of Your Occupation."[2] "Your Occupation . . . means your occupation as it is recognized in the general workplace[, not] the specific job you are performing for a specific employer or at a specific location." "Essential Duty means a duty that . . . is substantial, not incidental; . . . is fundamental or inherent to the occupation; and . . . can not be reasonably omitted or changed. To be at work for the number of hours in your regularly scheduled workweek is also an Essential Duty." Thus, whether

---

[2] After 24 months pass, the definition of "disabled" changes so that the person must be "prevented from performing one or more of the Essential Duties of Any Occupation," but this latter definition is not relevant here.

Alexander was disabled depends on whether she was capable of fulfilling the essential duties of her type of job, transplant coordinator, on a full-time basis.

The administrative record includes a "Functional Capacity Evaluation" (FCE) which was performed on June 3, 2003, to determine Alexander's physical capabilities. There is no other FCE in the record. The FCE concluded that Alexander was "Qualified" to lift 17 pounds occasionally and 9 pounds frequently, but that "lifts over five times per day at this level would place the individual at significant medical risk;" as a result, the "Safe Recommended" levels of lifting were 13 pounds occasionally and 7 pounds frequently. The FCE concluded, "Return to Work Status: NO." The record also includes an "Occupational Analysis" performed by Hartford on July 15, 2004, which stated, "Job is classified as Light according to the National Economy as one is required to lift 20 lbs occasionally and 10 lbs frequently."

Hartford's final letter denying Alexander's administrative appeal, dated September 1, 2004, relied significantly on the report of Dr. Elizabeth Roaf, who had been hired by Hartford to independently review Alexander's records (and had not personally examined Alexander). The final denial letter stated that Dr. Roaf "noted the results of your June 3, 2003 Functional Capacity Evaluation, which indicated that you could function in a light duty capacity." This statement in the letter was factually incorrect, both about Dr. Roaf's report and about the FCE's results. Dr. Roaf's report did not mention the results of the FCE. And the FCE stated that Alexander's lifting ability was less than what Hartford's occupational analysis said that a "light" job, like Alexander's, required. Hartford's final denial letter did nothing to rebut the FCE; all it did was misstate its results. There was no rational connection between the known information and the conclusion on this important issue.

The denial letter, quoting Dr. Roaf's report, stated that Alexander was limited to 15 pounds of pushing and pulling. This limit is lower than what

Hartford's own "Occupational Requirements" form stated was required for Alexander's job: "Lifting, Carrying, Pushing, Pulling 20 lbs. occasionally." Although the denial letter treated this information as if it supported Hartford's conclusion that Alexander was not disabled, it plainly supported the opposite conclusion. Thus, there was no rational connection between the information Hartford relied on and the conclusion it reached.

We therefore conclude that Hartford abused its discretion in denying Alexander's long-term disability claim. We REVERSE the district court's grant of summary judgment for Hartford; RENDER judgment for Alexander; and REMAND the case to the district court to determine the amount of benefits to award to Alexander. The district court should also determine whether Alexander is entitled to other relief, including prejudgment interest, attorney's fees and expenses.