# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2013

No. 12-50484
Summary Calendar

Lyle W. Cayce
Clerk

ALAN BECKNELL,

Plaintiff-Appellant,

v.

LONG TERM DISABILITY PLAN FOR JOHNSON & JOHNSON AND
AFFILIATED COMPANIES,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-155

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alan Becknell missed time at work because of a back injury. He sought continued long-term disability benefits from Defendant-Appellee Long-Term Disability Plan for Johnson & Johnson and Affiliated Companies (the "plan"). The plan administrator found that Becknell did not qualify for long-term benefits because he was not "totally disabled" under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50484

terms of the plan. The district court found that the plan administrator's denial of benefits was not an abuse of discretion. We AFFIRM.

1. Facts and Proceedings

Alan Becknell injured his back in 1995. After surgery he was able to return to his job as an engineer at Ethicon, Inc., a Johnson & Johnson company. The injury recurred in 2007, however, and the resulting leg and back pain caused Becknell to miss work.

Becknell received short-term disability benefits through April 2008. Becknell then applied for, and received, long-term disability ("LTD") benefits, demonstrating under the terms of his benefits plan that he was unable to perform his regular job. After receiving LTD benefits for a year, however, Becknell had to show under the terms of the plan that he was "totally disabled"—that is, unable to perform *any* job—to continue receiving benefits.

The benefits plan had physical therapist Jimmy Villers and orthopedic surgeon Clark Race examine Becknell. Villers examined Becknell in April 2009, finding that he was capable of working full-time in light physical demand positions. Dr. Race examined Becknell in May 2009, finding that he was capable of working eight hours a day in a sedentary position.

Becknell submitted year-old reports from Drs. Paul Foxcroft and Arvo Neidre. Dr. Foxcroft found that Becknell "is not capable of being on his feet for 8 to 12 hours a day. He would be capable of doing a sitting job for 2 to 4 hours a day." He added: "I found no evidence of muscle wasting or other permanent pathology on physical examination today that would prevent him from being functional in the future." Dr. Neidre, Becknell's surgeon, observed that Becknell "states that the severe preoperative pain that he had in his leg is gone. He still has some back pain, though, which is understandable." He added that "hopefully" Becknell would be able to return to work within six months.

No. 12-50484

The plan administrator denied Becknell's LTD benefits claim in May 2009, finding that, because Villers and Dr. Race concluded that Becknell could perform light or sedentary work, he was not "totally disabled from any occupation." The plan administrator stated that Becknell's LTD benefits would terminate in June 2009.

Becknell appealed, introducing records from doctor of osteopathy Darrell Herrington. The records largely concern medications that Dr. Herrington prescribed Becknell for anxiety, pain, and skin irritations. Although Dr. Herrington noted and treated Becknell's complaints of pain, he relied on Dr. Neidre's conclusions regarding the condition of Becknell's back. Specifically, Dr. Herrington summarized a June 29, 2009 examination of Becknell by observing that "[r]egarding musculoskeletal issues, will maintain as current and await outcome of his next scheduled visit with Dr. Neidre."

The plan arranged for orthopedic surgeon William Andrews to review Becknell's entire medical file. Dr. Andrews concluded that Becknell was capable of light-duty work. Dr. Andrews explained that "[Becknell] has done well post-operatively, with no significant post-op complications. He did well in physical therapy (PT) and had an [examination] which cleared him for light capacity work. I see no problems which have occurred since the [examination] which would preclude such activity."

The plan administrator informed Bucknell in August 2009 that, based on Dr. Andrews' report, it was upholding its decision to deny benefits. Becknell again appealed the decision. In support of his appeal, he provided a letter from Dr. Herrington and an updated report from Dr. Neidre. Dr. Herrington's letter explained that "[Becknell] is unable to tolerate sitting, standing, or working at this time." Dr. Neidre's report provided that Becknell is "unable to maintain any gainful employment at this time, but should be able to hopefully improve to the point where he can resume some type of work in six months' time."

No. 12-50484

The plan administrator had another doctor, Kevin Trangle, review Becknell's full medical record.  Dr. Trangle concluded that Becknell "has been capable of light capacity" work and that "[a]s such, it is my professional opinion he is not totally disabled as defined by the plan and . . . it appears that his usual job of Facility Engineer falls [within] the light to sedentary category, a position of which he is educationally and experientially suited."

The director of corporate benefits for the Johnson & Johnson Pension Committee proceeded to issue a final determination letter in December 2009 denying Becknell's appeal.  The letter explained: "Although, there is some indication that you could not return to a light duty capacity position, the documentation contains substantial objective evidence to support [the] initial determination that you were capable of work at a sedentary level, and were no longer disabled under the terms of the Plan[.]"

The district court granted summary judgment for the benefits plan, holding that the plan administrator did not abuse its discretion in denying Becknell's claim because there was substantial evidence in the record, in the form of two treating physicians finding that Becknell could return to work in some capacity, to support the administrator's denial of benefits.  Becknell appeals.

2. Standard of Review

This court reviews a grant of summary judgment *de novo*, applying the same standards as the district court. *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010). We therefore affirm the district court's grant of summary judgment "if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute [as] to any material fact and the movant is entitled to judgment as a matter of law." *U.S. ex. rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011).

No. 12-50484

## 3. The Denial of Benefits

The parties do not dispute that the plan administrator had discretionary authority to review and decide Becknell's benefits claims.[1]  As a result, we review the plan administrator's denial of benefits for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 468 (5th Cir. 2010).  This court has held that a "decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" *Meditrust Fin. Servs. Corp. v. The Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 828-29 (5th Cir. 1996)).  "If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004).  "[O]ur review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somwhere on a continuum of reasonableness—even if on the low end." *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir. 2007) (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999) (*en banc*)).

Here, the plan administrator did not abuse its discretion in denying Becknell's benefits claims because there was substantial evidence, in the form of two treating physicians finding that Becknell could return to work in some capacity, to support the administrator's determination.  The plain language of the plan provides that, after receiving LTD benefits for a year, a plan participant

---

[1] Article VII of the plan vested the plan administrator with authority to "exercise discretion in making determinations of fact, interpreting the terms of the Plan, adopting rules and taking other actions with respect to which it has authority."  The plan also provided the plan administrator with sole authority to "[e]xercise its discretion to determine eligibility for benefits, to create and interpret provisions of the Plan and to render conclusive and binding decisions and determinations based thereon."

is ineligible for continued LTD benefits unless the participant is "totally disabled"—that is, unable to do *any* job. Villers, the physical therapist, found that Becknell was capable of working full time in "light" physical demand positions. Dr. Race, the surgeon, found that Becknell was capable of working eight hours a day in a sedentary position. We cannot say that the plan administrator's decision to deny benefits on the basis of these conclusions was "arbitrary and capricious." *See Ellis*, 394 F.3d at 273; *see also Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 540 (5th Cir. 2007) ("[C]ourts have consistently upheld administrative claim denials where medical evidence indicates that some limitations would enable the employee to perform sedentary work.").

Becknell argues that the plan administrator abused its discretion because Becknell's "own treating physicians thoroughly and unequivocally asserted that [he] was totally disabled." However, this court's precedent does not direct us to give greater credence to the conclusions of a participant's physicians than those chosen by the plan. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003) ("Nothing in [ERISA] . . . suggests that plan administrators must accord special deference to the opinions of treating physicians. Nor does [ERISA] impose a heightened burden of explanation on administrators when they reject a treating physician's opinion."). Given the considerable deference we accord a plan administrator's decision, *see Bruch*, 489 U.S. at 115, we cannot say that the administrator's choice to credit the conclusions of Villers and Dr. Race, in conjunction with the reviews of the record undertaken by Drs. Andrews and Trangle, was an abuse of discretion.

Becknell also argues that the plan administrator discounted his self-reported pain levels, but the record indicates that the administrator took into account Becknell's pain levels in making its decision. We agree with the district court's observation that the "administrative record does make it clear that

No. 12-50484

Becknell has an extensive medical history and has suffered from a back condition that causes him pain and an inability to perform certain activities." As the district court found, however, that is not enough under our precedent and the plain language of the plan, to support a finding that the administrator abused its discretion.[2]

In sum, the plan administrator did not abuse its discretion in denying Becknell's benefits claim because there was substantial evidence, in the form of the conclusions by two treating physicians that he could return to work, that Becknell was not "totally disabled" under the terms of the plan.

4. Conclusion

Accordingly, we AFFIRM the district court's grant of summary judgment.

---

[2] To the extent that Becknell is able to show that there is a conflict of interest—the district found that Becknell submitted no evidence of a conflict—the existence of a conflict is only one factor in the abuse of discretion analysis, *see Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008), and would not change our analysis.