United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60502
Summary Calendar

EDWARD L. CONFER,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 2:04-CV-95)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edward Confer appeals the district court's judgment in favor of UNUM Life

Insurance Company. For the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Confer, a former employee of Murphy Oil Company, was injured on the job in November 1995. He suffered a compression fracture of his thoracic spine as the result of a fall. In May 1996, he filed a claim for total disability with UNUM, the long term disability insurance provider for Murphy Oil. UNUM approved the claim in June 1996 and began to pay benefits. UNUM acts as the administrator of the disability plan; the parties agree that the UNUM policy is an ERISA plan.

In January 2000, Confer filed a claim with the Social Security Administration (SSA). The SSA's decision stated that Confer had alleged a disability due to degenerative disc disease of the cervical spine, cervical radiculopathy, and back pain. The Administrative Law Judge ("ALJ") found that, according to the medical evidence, Confer had the following impairments: back pain, degenerative disc disease of the cervical spine, cervical radiculopathy C7-C8, multiple thoracic spine injuries, depression, and decreased vision in the right eye. The ALJ concluded that, because Confer had no skills transferable to sedentary work, he was entitled to benefits. Confer was awarded a monthly sum of approximately $1,300 in addition to a specified amount of backpay.

Shortly thereafter, Confer filed a claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.* According to the settlement and compensation order, the claim was predicated on the 1995 injury. The stipulations in the agreement included a detailing of the diagnoses from several doctors Confer had seen in conjunction with his injury. The settlement ordered compensation in the amount of $260,000.

UNUM began to offset Confer's distributions following Confer's receipt of the Social Security award and LHWCA settlement. The UNUM policy provides that "other income benefits" should be deducted from the monthly distribution. The policy specifically defines the "other income benefits" category to include benefits under workman's compensation law and under the Social Security Act. The policy provides: "These other income benefits, except retirement benefits, must be payable as a result of the *same disability* for which this policy pays a benefit." (Emphasis added). UNUM determined that the benefits Confer received in the Social Security award and LHWCA settlement were for the same disability as that under the UNUM plan.

The parties do not dispute that Confer is receiving other income benefits as defined by the UNUM policy. Rather, they dispute whether or not the different benefits are given for the same disability. Confer argues that the other income benefits are for different disabilities and that, therefore, there should be no offset. Confer unsuccessfully pursued administrative remedies, and he then filed a complaint in federal district court. The district court entered a judgment in favor of UNUM, concluding that UNUM did not abuse its discretion in determining that Confer was receiving other income benefits for the same disability as that covered by the UNUM policy. Confer timely appealed, raising two issues: (1) whether the district court applied the proper standard of review to UNUM's decision, and (2) whether the district court erred in ruling that UNUM properly offset Confer's monthly distribution.

## II. DISCUSSION

3

"We review de novo the district court's decision regarding the appropriate standard of review to be applied to an ERISA administrator's eligibility determination." *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999). The district court determined that the inquiry of whether the disabilities covered by the Social Security award and LHWCA settlement were the same disability as that covered by the UNUM policy was a factual determination. In this circuit, factual determinations made by an ERISA administrator during the course of a benefits review are reviewed under an abuse of discretion standard.[1] *Id.* (citing *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991)). Accordingly, the district court applied an abuse of discretion standard of review.

Confer argues that the district court should have conducted a de novo review regarding the meaning of the word "same" in "same disability." *See Keszenheimer v. Reliance Standard Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir. 2005) (stating that the interpretation of plan terms is subject to de novo review). He claims that the district court erroneously interpreted the word "same" to mean "similar" or "shared." Confer maintains that "same" means "identical" and that because the conditions for which he receives benefits from SSA and under the LHWCA are not identical, UNUM erroneously offset his monthly distributions.

We disagree with Confer's position that the issue narrowly revolves around the

---

[1]Confer points out that other circuits have criticized this standard of review for factual findings in the context of ERISA benefits determinations. *See Meditrust Fin. Servs. Corp.*, 168 F.3d at 213 n.2. Confer also concedes that this standard is the law of this circuit.

interpretation of the word "same." Rather, to the extent that there is a dispute about the interpretation of plan terms, the dispute concerns the phrase "same disability;" it is this phrase that triggers the offset of benefits. Though the UNUM policy does not define this phrase, it defines the term "disability" as follows:

> "Disability" and "disabled" mean that because of injury or sickness:
>
> 1. the insured cannot perform each of the material duties of his regular occupation; and
>
> 2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience.

The UNUM policy does not indicate that the phrase "same disability" connotes the narrow interpretation that Confer advances. Instead, "disability" refers to an injury or sickness that prevents the insured from performing his job, not to a specific symptom or condition. Under this definition, an injury may involve several related symptoms or conditions. "Same disability" means the same injury or sickness from which related manifestations become apparent.

The district court properly framed the inquiry as whether Confer's benefits from the Social Security award and the LHWCA settlement relate to the same disability for which he was receiving UNUM benefits. This inquiry is factual in nature and subject to judicial review under an abuse of discretion standard. *See S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 100–01 (5th Cir. 1993). UNUM did not abuse its discretion in finding that Confer's other benefits related to the same disability. The LHWCA settlement explicitly

5

states in the first paragraph that Confer was injured on the job in 1995; the subsequent stipulations detail the medical attention Confer received to his back as a result of the injury. There is no dispute that the LHWCA settlement was related to the 1995 injury, and therefore UNUM did not abuse its discretion in finding that the LHWCA settlement related to the same disability as the UNUM coverage.

The Social Security award is less detailed, and there are only two documents in the record related to the award: the SSA decision and a letter to Confer stating the amount of the award. While the decision does not mention the 1995 injury, it does rely on the diagnosis of a number of the same medical professionals who treated Confer for his back injuries. The record includes reports from these physicians. At least one of the reports describes his problem as "back pain since 1995" and the "history of present illness" as "fell on his back [at work] in 1995." The other medical reports in the record largely corroborate that the back conditions developed after the 1995 injury. Additionally, one of Confer's doctors, Dr. Harvey, stated that the depression was related to the stress from the litigation over his back injury. Though the decreased vision in the right eye cannot be attributed to the back injury, this condition does not appear to have influenced the SSA's decision to award disability: as stated in the decision, the SSA awarded disability because there was no sedentary work for which Confer was eligible. The decision did not indicate that Confer's decreased vision played a role in preventing Confer from gainful employment. Accordingly, UNUM did not abuse its discretion in finding that the SSA award was also based on the same disability as that of the UNUM policy.

6

## III. CONCLUSION

The judgment of the district court is AFFIRMED.