United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20272

KATHY GLASS,

PLAINTIFF-APPELLANT,

VERSUS

J. CONNER CONSULTING LONG TERM DISABILITY PLAN, ET AL.,

DEFENDANTS-APPELLEES.

Appeal from the United States District Court for the Southern District of Texas

(4:04-CV-4569)

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

 Plaintiff-Appellant Kathy Glass ("Appellant") challenges the district court's grant of summary judgment in favor of Defendants-Appellees J. Conner Consulting Long Term Disability Plan ("J. Conner Consulting") and Continental Insurance Company ("Continental") (collectively, "Appellees").

---

 [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant is a "technical writer" for J. Conner Consulting. The parties agree that her position is primarily clerical in nature. As an employee of J. Conner Consulting, Appellant is a participant in its benefits and insurance plan. The plan is administered and insured by Continental.

In August 2001, Appellant submitted to Continental a claim for short-term disability benefits due to "shoulder impingement." Appellant submitted a note from her physician indicating such a diagnosis. Continental approved short-term disability benefits, but informed Appellant that additional medical support would be needed if she intended to seek benefits after August 22, 2001.

Appellant sought benefits past the original cut-off date, and submitted additional medical support for her claim. Following an initial investigation, Continental approved payments for an additional six months, assuming Appellant's condition did not improve during that time.

When the six months expired, Continental contacted Appellant's physician to determine whether her condition had improved. Appellant's doctor indicated that her condition had improved, but that she still reported "intermittent pain." After receiving information that Appellant's condition had improved, Continental decided to have a nurse case manager review Appellant's records to determine whether she was eligible for long-term disability benefits.

After further review, Continental decided that Appellant's condition did not make her eligible for long-term benefits under the plan. Continental allowed Appellant to appeal the decision, but after reconsideration, Continental made final its decision to deny benefits.

2

Appellant contacted the Texas Department of Insurance and complained that Continental incorrectly concluded that she was ineligible. In response, Continental reconsidered its decision. In doing so, it asked another doctor to review Appellant's records. But, after reviewing the new doctor's findings, Continental once again decided that Appellant was ineligible for long-term disability benefits.

Appellant filed this lawsuit challenging Continental's decision. Appellees moved for summary judgment, and the district court granted Appellees' motion, dismissing Appellant's claim. This appeal followed.

When a plan administrator has express authority to construe the terms of a plan, as the parties agree Continental does here, we review its decision to deny benefits for an abuse of discretion. *See Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999). In this context, an administrator abuses its discretion only if it arbitrarily or capriciously denies benefits. *Id.* at 214. The "arbitrary or capricious" standard is met only when the decision has no "rational connection" to the known facts. *Id.* at 215.

Continental ultimately denied Appellant's request for long-term disability benefits because, among other things: (1) a CT scan of Appellant's shoulder was negative; (2) an MRI of Appellant's shoulder was negative; (3) Appellant's own doctor indicated that her condition (including her pain, strength, range of motion, etc.) was improving, and most importantly (4) although Appellant's doctor did not specifically clear her for work, he did not cite to Continental any *reason* that Appellant's condition would prevent her from performing her job duties.

As the district court determined, these reasons are not arbitrary or capricious. After

3

reviewing the record, we cannot say that Continental's decision to deny benefits had no "rational connection" to the known facts. *See id.* To the contrary, Continental's decision was rationally connected to negative CT scan and MRI results, Appellant's improving condition, and Appellant's failure to provide credible evidence that she could not perform her job duties. Therefore, finding no abuse of discretion in Continental's decision to deny benefits, we AFFIRM.

AFFIRMED.