United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2007

Charles R. Fulbruge III
Clerk

REVISED MAY 15, 2007

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-31095
Summary Calendar

JAMES O'REAR,

Plaintiff-Appellant,

versus

PAUL REVERE LIFE INSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(2:05-CV-86)

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James O'Rear contests a summary judgment awarded Paul Revere Life Insurance, Co. against his action seeking long-term-disability (LTD) benefits under a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). Essentially for the reasons stated by the district court, the judgment was proper.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In October 2002, Paul Revere, the insurer and administrator of O'Rear's LTD plan, approved his claim for LTD benefits. Under the plan, for the first 24 months of disability (first phase), recovery of benefits required proof that he was "totally disabled" from *his own* occupation. After 24 months of disability (second phase), however, recovery of benefits required proof that he was "totally disabled" from *any* occupation.

As the second phase approached, Paul Revere reviewed O'Rear's medical records and, based on that review, conducted a vocational assessment, which identified three occupations that matched his physical abilities and experience. Accordingly, having determined O'Rear was not "totally disabled" from *any* occupation, Paul Revere terminated his benefits at the conclusion of the first phase.

O'Rear filed this action, claiming Paul Revere's benefits-denial was an abuse of discretion. As noted, Paul Revere's summary-judgment motion, which O'Rear did *not* oppose, was granted.

A summary judgment is reviewed *de novo*, applying the same standard as the district court. *E.g.*, **Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.**, 168 F.3d 211, 213 (5th Cir. 1999). As O'Rear concedes, Paul Revere's benefits denial is reviewed only for abuse of discretion. *E.g.*, **id.** at 214 ("Deciding the medical progress of a patient through analysis of medical reports and records is similar to the factual determinations we have reviewed for abuse of discretion in other ERISA cases."); **Sweatman v.**

2

***Commercial Union Ins. Co.***, 39 F.3d 594, 597-99 (5th Cir. 1994). Such review is limited to the administrative record, and seeks to determine "only whether the 'record adequately supports the administrator's decision'". ***Gooden v. Provident Life & Accident Ins. Co.***, 250 F.3d 329, 333 (5th Cir. 2001) (quoting ***Vega v. Nat'l Life Ins. Servs., Inc.***, 188 F.3d 287, 298 (5th Cir. 1999) (en banc)). Under such review, an administrator abuses its discretion if it denies a claim "[w]ithout some concrete evidence in the administrative record". ***Vega***, 188 F.3d at 302. Moreover, such review "need only assure that the administrator's decision fall somewhere on a continuum of reasonableness — even if on the low end". ***Id.*** at 297.

Less deference is given under the abuse-of-discretion standard where an administrator is self-interested. ***Id.*** at 296-97. Here, however, the only evidence of a conflict of interest is the insurer's position as both the insurer and the administrator. Accordingly, to the extent such a conflict affects the amount of discretion afforded Paul Revere's decision, we conduct our review "with only a modicum less deference than we otherwise would". ***Id.*** at 301.

In stating the relevant facts, both Paul Revere's *unopposed* summary-judgment motion and the district court's memorandum ruling cite to the administrative record. These facts, which are *not* contested by O'Rear, demonstrate that Paul Revere's benefits denial

3

was supported by adequate evidence. The record shows that Paul Revere based its benefits-denial on, *inter alia*, an evaluation of O'Rear's medical records, which included O'Rear's own physician's finding O'Rear capable of: standing for 30 minutes at a time for up to two hours per day; sitting for one hour at a time for up to a "varying" amount of time per day; and driving for one hour at a time for up to four hours per day. Based on those medical records, Paul Revere's vocational assessment identified three occupations that matched O'Rear's physical abilities and experience.

Subsequent to Paul Revere's notifying O'Rear of its benefits-denial decision, O'Rear's physician found that O'Rear was, *inter alia*: "totally disabled" and "not able to work"; and limited to four hours of sedentary activity per day. The record shows Paul Revere rejected these findings, as they were *not* supported by objective medical evidence such as diagnostics or office notes. O'Rear was explicitly advised by Paul Revere that, in appealing its benefits denial, he could submit such evidence. He did *not* do so.

Accordingly, the post-notification findings by O'Rear's physician do *not* undermine Paul Revere's benefits denial. *See* **Gooden**, 250 F.3d at 333-34 (letter from treating physician stating that the insured was disabled did *not* undermine administrator's benefits-denial because "it was written after [the insured] learned he was being terminated, and was unaccompanied by medical evidence

4

indicating that [the insured]'s condition changed since the last time [the physician] had seen [the insured]").

***AFFIRMED***