# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2010

No. 09-51000
Summary Calendar

Lyle W. Cayce
Clerk

DIANA KELLER,

Plaintiff - Appellant

v.

AT&T DISABILITY INCOME PLAN,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-568

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order granting Defendant/Appellee summary judgment on Plaintiff/Appellant's ERISA disability claims.  Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51000

1. Keller first argues that the plan administrator erred by denying her short-term disability benefits under the Plan. However, we agree with the district court that the physician reports in the record provide sufficient evidence to support the administrator's decision. Moreover, Appellant's evidence considered with the extensive medical evidence before the administrator do not necessarily show that her condition prevented her from performing her job duties. The administrator's decision is entitled to deference. *See Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999).

2. Appellant also argues that she was denied "a full and fair review" of her disability claims in violation of 29 U.S.C. § 1133(2). Specifically, Keller argues that the administrator changed its grounds for denying benefits based on new evidence introduced after the denial but before appeal. The introduction of new evidence after a denial of claims does not restart the review process. *See Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 654 (5th Cir. 2009). Moreover, an administrator does not unlawfully change the basis of its review if it concludes that the new evidence fails to contradict or merely supports its original assessment. *Id*. In the instant case, it was not the plan administrator, but Keller, who changed her grounds for seeking benefits on appeal by introducing evidence of an intervening accident. After considering Keller's additional evidence and the reports of the reviewing physicians, the administrator affirmed its original determination that Keller remained capable of performing her job duties, despite the intervening accident. We therefore hold that the administrator has substantially complied with ERISA, and "the purpose of § 1133 has been fulfilled." *Id*. (cite and quotation marks omitted).

AFFIRMED.

2