# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

No. 10-30266
Summary Calendar

Lyle W. Cayce
Clerk

JACQUELINE HAMILTON,

Plaintiff-Appellant,

v.

STANDARD INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-1717

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue is whether Defendant-Appellee Standard Insurance Company abused its discretion by denying Plaintiff-Appellant Jacqueline Hamilton's claim for benefits under her former employer's long-term disability plan. We hold that it did not, and therefore AFFIRM the district court's decision upholding Standard's denial of benefits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30266

Hamilton worked at CenturyTel as a plant support technician from February 1994 until the company was shut down in March 2006. Hamilton was enrolled in her employer's Group Long-Term Disability Plan, an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

In January 2002, Hamilton began suffering from medical issues. Hamilton consulted with neurologist Dr. Hajmurad, in March 2002, and underwent a number of medical tests, such as a Magnetic Resonance Imaging (MRI), a brainstem auditory response test, an electroencephalogram (EEG), and a nerve condition study.  All of them came back negative.  Dr. Hajmurad determined that her medical issues were related to stress, depression, lack of sleep, carpel tunnel, and a twenty-percent-chance of multiple sclerosis (MS).  To check further into the possibility of MS, he obtained a transesophageal echocardiography (TEE), which also came back negative.  Hamilton returned to work and had occasional absences under the Family and Medical Leave Act over the next three years.

On March 1, 2006, Hamilton's employer informed her that it would be eliminating her position as part of a larger reduction in force.  Her employer also notified Hamilton that her long-term disability coverage would continue through her termination date.  The following week, Hamilton returned to Dr. Hajmurad for another MRI and additional blood work.  Dr. Hajmurad noted that the MRI showed deep white matter which he thought could suggest MS.  Even though Dr. Hajmurad suspected MS, he did not think Hamilton's condition was disabling, and he completed family medical leave paperwork for Hamilton indicating that she was able to work, albeit intermittently.  Hamilton stopped working on March 15, 2006, and her employer terminated her on March 31, 2006.

At around the same time, Hamilton changed her family physician from Dr. Joiner to Dr. Forester.  While her previous family physician had attributed

2

No. 10-30266

Hamilton's complaints to stress and anxiety, Dr. Forester concluded, without any indication that he performed medical tests, that Hamilton had fibromyalgia, MS, and possibly Lyme disease. In April 2006, after Hamilton had been terminated, Dr. Forester completed family medical leave paper work indicating that Hamilton could not work at all.

Hamilton submitted her long-term disability application claiming that she was unable to work due to MS, fibromyalgia, and Lyme disease. Standard had two board-certified physician consultants, a rheumatologist, and a neurologist, review Hamilton's medical records. The records showed that the only actual diagnostic test for Lyme disease came up negative, no actual exam had been performed for fibromyalgia, and that, according to the neurologist, the MRIs did not indicate MS. Standard denied Hamilton's claim, explaining that there was insufficient medical evidence to support diagnoses of MS, fibromyalgia, or Lyme disease. Standard also notified Hamilton of her right to appeal the decision by written request within 180 days.

In 2007, Hamilton was seen by another physician, Dr. Bryant, an internist, who diagnosed MS, fibromyalgia, carpal tunnel syndrome, and slow mentation. That same year, Hamilton again consulted with her family physician, Dr. Forester, who continued to diagnose her with Lyme disease, and fibromyalgia. In February 2008, Dr. Forester noted symptoms of MS but a repeat MRI indicated no change.

In April 2008, almost two years after the initial denial of her benefits claim, Hamilton filed an untimely appeal. Nevertheless, Standard agreed to review it, including the new medical information Hamilton submitted, as well as a determination by the Social Security Administration (SSA) that Hamilton was entitled to disability benefits as of September 1, 2006. Standard had the two original physician consultants review the new information to see if it altered their initial assessment. It did not. Standard then had two new consulting

3

No. 10-30266

physicians review the file, and they also concluded that the medical evidence did not support disability.

Hamilton appealed the denial to the Western District of Louisiana. The magistrate judge recommended that the district court deny the appeal and dismiss the case. After independently reviewing the record, the district court held that the administrator did not abuse its discretion by denying Hamilton's claim. This appeal followed.

This court reviews the district court's conclusion that Standard did not abuse its discretion *de novo*, applying the same standard as the district court. *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008).[**] A denial of benefits is not an abuse of discretion if it "is supported by substantial evidence and is not arbitrary and capricious." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004). A benefit decision must be upheld if the decision is "based on evidence, even if disputable, that clearly supports the basis for its denial." *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009) (citation and internal quotation marks omitted). Moreover, ERISA does not require the administrator to give deference to a treating physician's assessments when confronted with contrary reliable evidence. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003); *Love v. Dell, Inc.*, 551 F.3d 333, 337 (5th Cir. 2008). Where, as here, the claims administrator's dual role in both evaluating and funding the disability claim creates an apparent conflict of interest, courts "weigh the conflict of interest as a factor in determining whether there is an abuse of discretion in the benefits denial." *Crowell*, 541 F.3d at 312 (citation and internal quotation marks omitted).

"Eligibility for benefits under any ERISA plan is governed . . . by the plain meaning of the plan language." *Threadgill v. Prudential Sec. Grp., Inc.*, 145

---

[**] In this case, we need not review Standard's legal interpretation of the plan because it is uncontested. *See Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307 n.3 (5th Cir. 1994).

No. 10-30266

F.3d 286, 292 (5th Cir. 1998).  Here, the plan states that Hamilton is entitled to disability benefits if she was disabled before the date of her termination. Therefore, the critical inquiry is whether Standard abused its discretion in holding that Hamilton did not meet the Plan's definition of disability before March 31, 2006.  The Plan defines disability as being "unable to perform with reasonable continuity the Material Duties of your Own Occupation."

Standard denied Hamilton's claim based on a determination that there was a lack of objective medical evidence supporting Hamilton's claim.  Standard did not abuse its discretion by making such a determination.  First, Hamilton's medical records reveal that her test for Lyme Disease was negative, that Hamilton never received any physical examination for fibromyalgia, and that multiple MRIs did not conclusively indicate MS.  Second, four consulting physicians, two neurologists, and two rheumatologists, evaluated Hamilton's medical records, found that there was insufficient evidence to substantiate Hamilton's claim, and concluded that Hamilton was not disabled.  Given the reliable contrary medical evidence, Standard was entitled to disagree with the opinions of Hamilton's treating physicians.

Hamilton also contends that Standard's refusal to credit the SSA's disability determination amounted to an abuse of discretion.  An ERISA administrator's failure to consider a SSA disability determination is a factor a court ought to consider when determining whether the denial of benefits was an abuse of discretion.  *See Metro Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2351–52 (2008); *Moller v. El Campo Aluminum Co.*, 97 F.3d 85, 87–88 (5th Cir. 1996). However, because the eligibility criteria for SSA disability benefits differs from that of ERISA plans, while an ERISA plan administrator should consider a SSA determination, it is not bound by it.  *See, e.g., Schexnayder v. Hartford Life and Accident Ins. Co.*, 600 F.3d 465, 471 n.3 (5th Cir. 2010) (noting that the administrator is not required to "give any particular weight to the contrary

5

No. 10-30266

findings" of the SSA).   Here, Standard addressed SSA's determination.   It discounted that determination because the SSA concluded that Hamilton became disabled as of September 1, 2006, long after her disability benefits ended on March 31, 2006, when she was terminated.   Standard also declined to follow the SSA because the medical report Hamilton submitted to the SSA was based on her self-reported medical history and exceeded the findings of her treating physicians.   Therefore, the district court correctly concluded that Standard did not abuse its discretion by disregarding Hamilton's SSA disability determination.

On appeal, Hamilton argues that Standard's conflict of interest as both administrator and funding source for the Plan is relevant to determining whether Standard abused its discretion by denying her application for benefits. We note that the magistrate judge's Report and Recommendation, which the district court adopted, erred when it applied a "modicum less deference" than abuse of discretion to Standard's determination. *Glenn*, 128 S. Ct. At 2350–51. Instead, the magistrate judge and district court should have treated Standard's conflict as another factor in their review of Hamilton's benefit denial.   *See Holland*, 576 F.3d at 247 & n.3.   But, as the appellee correctly points out, Hamilton has provided no evidence that Standard's conflict played a role in its decision to deny benefits.   *See Glenn*, 128 S. Ct. at 2351 (discussing factors to consider in evaluating administrator's conflict of interest).   In the absence of some indication that this factor played a role in the administrator's denial of benefits, the judgment of the district court should be affirmed.

Therefore, the court holds, after reviewing the record and considering defendant's dual role as insurer and plan administrator, that Standard's decision to deny benefits is supported by substantial evidence and is not an abuse of discretion.   We AFFIRM.