# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2011

No. 10-31224

Lyle W. Cayce
Clerk

SHANNON BAKER MARRS,

Plaintiff-Appellee,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA; WINK COMPANIES, L.L.C.,

Defendants-Appellants,

Appeal from the United States District Court
for the Western District of Louisiana
USDC 6:10-CV-399

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After suffering a work-related injury, Shannon Baker Marrs sought to recover disability benefits under an Employee Retirement Income Security Act plan sponsored by her former employer and insured by Prudential Insurance Company of America. Prudential denied her claim, and Marrs sued. The district court granted Marrs' motion for summary judgment and denied defendants'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31224

motion for summary judgment. We REVERSE the summary judgment entered by the district court and RENDER judgment in favor of appellants.

## I.

Marrs worked as a pipe designer for Wink Companies, L.L.C. where her duties included designing piping systems using freehand drawings, as well as administrative tasks such as keeping an organized filing system and making copies.

Marrs suffered a work-related contusion to her left hand. Although initial treatments healed her hand, she reported lingering arm, leg, and back pain. Several medical reviews from a variety of doctors failed to identify the cause of her pain. Marrs' chiropractor recommended work restrictions including sitting for no longer than twenty minutes at one time, an ergonomic work station, working no longer than eight hours a day, working exclusively indoors, keeping her work computer's mouse in front of her, and not lifting anything over fifteen pounds. None of Marrs' physicians recommended that she be prevented from working, however.

Prudential denied Marrs' initial claim for long-term disability benefits and affirmed that decision on an internal appeal to Prudential's plan administrator. The plan administrator provided a four-page letter explaining its determination that Marrs was not eligible for long-term benefits. In that letter, Prudential's plan administrator outlined its definition of long-term benefits, the factual background that led to its decision, as well as the medical records it relied upon for its decision. It analyzed the restrictions placed on Marrs by her chiropractor and determined that they would not interfere with her ability to return to her job because they were not part of her regular duties and could be reasonably accommodated. It also noted that no physician had determined that Marrs's restrictions rendered her incapable of returning to work.

2

No. 10-31224

The district court granted Marrs' motion for summary judgment and denied the defendants' motion for summary judgment without issuing a written opinion memorializing its reasoning. The only reason it gave on the record at the motions hearing was that Prudential considered the opinion of a physician who had not physically examined Marrs.[1]

## II.

We review the district court's decision to grant Marrs' motion for summary judgment de novo, applying the same standard to the plan administrator's decision as the district court. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009). When the plan at issue gives the administrator discretionary authority to interpret its terms and render benefit decisions, we will only reverse a denial of benefits if the administrator abused its discretion. *Id.* An administrator abuses its discretion when it acts arbitrarily or capriciously, and we affirm if substantial evidence supports the decision. *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004) (internal quotations omitted).

## A.

Marrs raises two arguments to support her position that Prudential's denial of her long-term benefits under the plan was an abuse of discretion. First, she argues that Prudential failed to consider (or at least failed to discuss) certain evidence of her disability. Second, she contends that her approval for Social

---

[1] That reasoning contradicts settled law in this circuit. *See, e.g.*, *Gothard v. Metrop. Life Ins. Co.*, 491 F.3d 246, 249 (5th Cir. 2007) ("[T]his court has held that an administrator does not abuse its discretion when it relies on the medical opinion of a consulting physician. This is so even if the consulting physician only reviews medical records and never physically examines the claimant . . . .").

Security disability benefits proves that Prudential's denial of her benefits was an abuse of discretion. Both of these arguments fall short.

Marrs insists that Prudential failed to consider or discuss certain evidence of her disability in its denial of her long-term disability benefits. She points out seven facts that were not "cited by the administrator in his decision" but does not explain how any of them indicates that she actually qualified for long-term disability benefits. Marrs does not—and indeed she could not—point to any rule that requires plan administrators to discuss every fact put forward by a claimant regardless of its relevance. The record shows that Marrs failed to present evidence that any of the doctors involved in this case recommended a work restriction that would have prevented her from doing her job. In fact, the evidence before the plan administrator indicated that she could perform her job duties with reasonable accommodations. In short, the plan administrator's omission of certain facts was not an abuse of discretion because none of the omitted facts was relevant to the plan administrator's benefits eligibility determination, which was supported by substantial evidence.

Second, Marrs contends that her approval for Social Security disability benefits proves that Prudential's denial of her long-term disability benefits was an abuse of discretion. There are at least two problems with this argument. First, there is no evidence in the administrative record to support it, and our review is limited to the administrative record. *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000). Second, no evidence of any contrary Social Security Administration determination was submitted to Prudential's plan administrator when it denied Marrs' benefits. In fact, there is no evidence that a contrary Social Security disability benefits decision had even been rendered at the time the plan administrator determined she was ineligible for benefits. *Compare Schexnayder v. Hartford Life and Accident Ins. Co.*, 600 F.3d 465, 469 n.3 (5th Cir. 2010) (finding a contrary Social Security disability

No. 10-31224

benefits determination sufficient to show procedural unreasonableness in an administrator's benefits eligibility decision where, unlike here, evidence of that contrary determination was before the administrator when it made the determination, and the plan administrator completely ignored the contrary determination), *and Hamilton v. Standard Ins. Co.*, 404 F. App'x 895, 898 (5th Cir. 2010) (per curiam) (citing *Schexnayder*, 600 F.3d at 471 n.3, and explaining, in an unpublished but persuasive opinion, that a contrary Social Security Administration determination does not necessarily compel a finding of procedural unreasonableness where plan administrator acknowledged and distinguished that determination). Thus, Marrs' Social Security disability benefits award does not render the contrary determination at issue here an abuse of discretion.

## B.

The plan administrator's denial of Marrs' long-term disability benefits was supported by substantial evidence. We therefore REVERSE the summary judgment entered by the district court and RENDER judgment in favor of appellants.