# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50035

PATRICK BURELL; ARACELLI BURELL,

       Plaintiffs–Appellants,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

       Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and BARKSDALE and PRADO, Circuit Judges.

Edward C. Prado, Circuit Judge:

Plaintiff–Appellant Patrick Burell filed a claim for long-term disability benefits with Defendant–Appellee Prudential Insurance Company of America ("Prudential"). Prudential denied Burell's initial claim and two subsequent appeals. Burell then filed suit against Prudential under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that its denial of his long-term disability-benefits claim was in error. The district court granted summary judgment in favor of Prudential, and we affirm.

No. 15-50035

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Burell began working as an entry-level technician for Methodist Healthcare Systems ("MHS"). After 26 years, he ended his career as Director of Biomedical Services for all San Antonio MHS facilities. As an employee of MHS, Burell participated in the company's insurance plan ("the Plan"), which is provided through HCA Management Services, L.P. Prudential acts as both administrator and insurer of the Plan. In order to qualify for long-term disability benefits, a claimant must meet the following definition of "disabled": the claimant must (1) be "unable to perform the *material and substantial duties* of [his or her] *regular occupation* due to [his or her] *sickness* or *injury*"; (2) be "under the *regular care* of a *doctor*"; and (3) suffer "a 20% or more loss in [his or her] *monthly earnings* due to that sickness or injury."

Burell was diagnosed with multiple sclerosis ("MS") in 2008. Citing worsening symptoms of MS, in September 2011, Burell went on medical leave and filed for long-term disability benefits with Prudential, claiming that he qualified for benefits under the Plan due to MS, headaches, depression, and anxiety. In January 2012, he stopped working altogether, ending his employment with MHS. In support of his claim, Burell submitted medical records from his treating physicians and a psychiatrist. Prudential hired Heidi Garcia, a registered nurse, and Dr. Alan Neuren, who is board certified in neurology, to review Burell's claim. Dr. Neuren found that Burell's diagnosis of MS was unsupported by his medical records. He also found it unlikely that Burell suffered any cognitive impairments, opining that job stress is "likely the source of his complaints as opposed to a neurological disorder." Garcia focused her review on Burell's claim of depression and anxiety, ultimately finding that any cognitive symptoms he was experiencing were not sufficient to prevent him from working. Based on their reports and the medical records submitted, Prudential denied Burell's claim for long-term disability benefits.

No. 15-50035

Burell then appealed the decision through Prudential's internal review process. On appeal, his claim was reviewed by Dr. Stuart Isaacson, who is board certified in psychiatry and neurology, and Dr. James Boone, who is a clinical neuropsychologist. Dr. Isaacson found that Burell did not meet the diagnostic criteria for MS and did not have "any medically necessary restrictions and/or limitations from any one condition or combination of conditions." Dr. Boone found that Burell's "file records do not validly support psychological and/or cognitive symptoms" and that he has no "medically necessary restrictions and/or limitations." Based on the opinions of these physicians and Burell's medical records, which included additional documentation submitted during the appeal process, Prudential again denied Burell's claim.

Burell next sent Prudential a letter demanding the benefits he believed he was owed under the Plan. Prudential treated this demand letter as a second appeal and had the claim further reviewed by Dr. Omuwunmi Osinubi, who is board certified in anesthesiology and occupational medicine, and Dr. Melvyn Attfield. Dr. Osinubi found that although Burell's medical records did in fact support a diagnosis of MS, he did not have any physical limitations due to the disease. Dr. Osinubi was unable to make a finding on Burell's alleged cognitive impairments and suggested an additional neuropsychological review be performed. Upon Dr. Osinubi's recommendation, Dr. Michael Chavetz, who is board certified in clinical neuropsychology, performed an independent neuropsychological evaluation, finding that Burell did not suffer any cognitive impairments. On the basis of these opinions and Burell's medical records, which included additional documentation submitted during the second appeal process, Prudential denied Burell's claim for a third time.

In April 2013, Burell filed suit against Prudential under 29 U.S.C. § 1132(a)(1)(B) and (a)(3), alleging that Prudential wrongfully denied his claim

for long-term disability benefits. In December 2014, the district court granted summary judgment in favor of Prudential, and Burell timely appealed.

## II. DISCUSSION

The district court had jurisdiction over this suit under 29 U.S.C. § 1132(e). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

In ERISA actions, "[s]tandard summary judgment rules control." *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651 (5th Cir. 2009) (quoting *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 225 (5th Cir. 2004)). This Court reviews a district court's grant of summary judgment de novo, viewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## A. Underlying Standard of Review

As a preliminary matter, Burell challenges the standard of review the district court used in analyzing Prudential's denial of his claim. The district court reviewed the denial for an abuse of discretion, while Burell argues that the court should have reviewed the denial de novo. "'Whether the district court employed the appropriate standard in reviewing an eligibility determination made by an ERISA plan administrator is a question of law' that we review de novo." *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) (quoting *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 269 (5th Cir. 2004)).

No. 15-50035

Generally, in suits brought under 29 U.S.C. § 1132(a)(1)(B), district courts review the denial of a long-term disability-benefits claim de novo. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). But, if the benefits plan the suit is brought under "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," *id.*, the denial of benefits is reviewed for an abuse of discretion, *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009). Therefore, in order to determine whether the district court applied the correct standard of review, we must consider whether the terms of the Plan grant Prudential the authority to interpret the Plan and make benefits decisions.

As the district court correctly explained, the terms of the Plan expressly give Prudential discretionary authority. Specifically, the Plan defines "Claim Fiduciary" as follows:

> Claims Fiduciary means an individual or entity, designated in the Plan (including the Summary Plan Description, Insurance Contracts or appendices, which are part of the Plan) or otherwise appointed by the Plan Administration Committee, to have final discretionary authority to interpret the terms of the Plan and decide questions of fact, as necessary to make a determination as to whether the Claims presented to the Claims Fiduciary are payable, in whole or in part, in accordance with the terms of the Plan.

The Summary Plan Description ("SPD") designates Prudential as the Claims Fiduciary: "All claims and appeals are handled by Prudential. Prudential has absolute discretion in deciding claims and appeals." As the Plan expressly gives Prudential discretionary authority,[1] the district court did not err in reviewing

---

[1] Burell also argues that there is a conflict between the Plan and the insurance contract because the insurance contract does not explicitly confer Prudential discretion and, as such, the language granting Prudential discretionary authority must be ignored. But, as

No. 15-50035

the denial of Burell's long-term disability-benefits claim under an abuse of discretion standard.

Burell argues that the district court improperly relied on language in the SPD. We find this argument unavailing. Typically, the terms of a SPD are not controlling unless the SPD is incorporated into the plan. *See Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 620 (6th Cir. 2013); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1131–32 (10th Cir. 2011). In his brief, Burell concedes that "[o]nly the plan may subsume an [sic] SPD by integrating it in the plan's express terms." In this case, the Plan expressly integrates the SPD in several places. For example, the Plan states that "[t]he Plan document is comprised of this Plan document and, with respect to each benefit program included within the Plan, the summary plan description(s) applicable to that benefit program." The definition of "Claims Fiduciary" above also expressly incorporates the SPD: "Claims Fiduciary means an individual or entity, designated in the Plan (including the Summary Plan Description, Insurance Contracts or appendices, which are part of the Plan)." Therefore, because the Plan expressly incorporates the SPD, the district court did not err in relying on its language.

Burell makes several additional arguments in support of a less deferential standard of review. First, because Prudential serves as both the insurer and administrator of the Plan, Burell argues that a structural conflict of interest exists, and, as such, the district court should have deferred to Prudential's denial on a "sliding scale." A conflict of interest exists when the plan administrator "both evaluates claims for benefits and pays benefits claims." *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013),

---

the district court correctly concluded, just because "the insurance contract is silent on this issue does not create a meaningful conflict between" the Plan and the insurance contract.

*cert. denied*, 134 S. Ct. 1761 (2014) (quoting *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008)). Therefore, Prudential's role as both administrator and insurer is a structural conflict of interest. But, a structural conflict alone does not entitle Burell to an altered standard of review, as this Court "no longer appl[ies] a 'sliding scale' standard." *Holland*, 576 F.3d at 247 n.3. Rather, as discussed below, a structural conflict of interest is "but one factor among many that a reviewing judge must take into account" in determining whether an abuse of discretion occurred. *Id.* at 248 (quoting *Glenn*, 554 U.S. at 116).

Second, Burell contends that the district court should have altered the standard of review because of Prudential's "flagrant procedural violations." But, as Burell concedes, in *Lafleur v. Louisiana Health Service and Indemnity Co.*, 563 F.3d 148 (5th Cir. 2009), this Court specifically declined to "express [an] opinion on whether flagrant procedural violations of ERISA can alter the standard of review." 563 F.3d at 159. As none of Prudential's alleged procedural violations rise to the level of flagrant, we again decline to address this question.

Therefore, because the Plan expressly grants Prudential discretionary authority, we hold that the district court correctly reviewed Prudential's denial for an abuse of discretion. As such, our de novo review of its summary judgment ruling will also apply the abuse of discretion standard. *See Cooper*, 592 F.3d at 651.

## B.    Denial of Long-Term Disability-Benefits Claim

Burell urges that even under an abuse of discretion standard, the district court should not have granted summary judgment in favor of Prudential. An abuse of discretion occurs when "the plan administrator acted arbitrarily or capriciously." *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999) (quoting *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994)). "A decision is arbitrary only if 'made without a

rational connection between the known facts and the decision or between the found facts and the evidence.'" *Id.* at 215 (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 828 (5th Cir. 1996)). Therefore, to survive summary judgment, Burell must raise a genuine dispute of material fact that Prudential's denial of his long-term disability-benefits claim was arbitrary or capricious. Because Burell has failed to do so, we affirm the district court's grant of summary judgment.

Burell argues that Prudential abused its discretion by ignoring the findings of his treating physicians, emphasizing the fact that his treating physicians diagnosed him with MS. But, in its letter denying Burell's second appeal, even Prudential concedes that "Burell may meet the clinical requirements for the diagnosis of MS." Regardless of any disagreement between Prudential's claim reviewers, a diagnosis of MS is not sufficient on its own for Burell to qualify for long-term disability benefits under the Plan. To qualify, Burell's MS must also render him "unable to perform the material and substantial duties of [his] regular occupation." None of the health care providers consulted by Prudential found that Burell had physical or cognitive impairments. Therefore, Prudential's "decision simply came down to a permissible choice between the position of [the administrator's] independent medical consultant[s], and the position of [the claimant's physicians]," which does not amount to an abuse of discretion in this Circuit. *Sweatman*, 39 F.3d at 602 (third alteration in original) (quoting *Donato v. Metro. Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir. 1994)); *see also Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003) ("Plan administrators are not obliged to accord special deference to the opinions of treating physicians"); *Gothard v. Metro. Life Ins. Co.*, 491 F.3d 246, 249–50 (5th Cir. 2007) ("[P]lan fiduciaries are allowed to adopt one of two competing medical views."). "This is so even if the consulting

physician only reviews medical records and never physically examines the claimant, taxing to credibility though it may be." *Gothard*, 491 F.3d at 249.

Burell also argues that Prudential failed to give proper weight to the Social Security Administration's ("SSA") determination that he was disabled and entitled to benefits. But, as the district court noted, the eligibility criteria for Social Security benefits differ from the eligibility criteria under the Plan. Despite this difference, during Burell's second appeal Prudential specifically requested that Burell submit documentation related to the SSA's benefit award for consideration in Prudential's review process. Prudential's failure to give even further weight to the SSA's decision cannot be characterized as unreasonable.

As noted above, because Prudential is both the Plan administrator and the insurer, a structural conflict of interest exists. This conflict of interest influences our analysis of whether an abuse of discretion occurred. "[C]onflicts are but one factor among many that a reviewing judge must take into account" and "[a]ny one factor will act as a tiebreaker when the other factors are closely balanced." *Truitt*, 729 F.3d at 508 (first alteration in original) (quoting *Glenn*, 554 U.S. at 116–17). "The conflict of interest . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 508–09 (quoting *Glenn*, 554 U.S. at 117). Burell has failed to point to anything in the record that indicates Prudential's conflict of interest actually affected the denial of his claim.

Relatedly, while not an independent basis for finding an abuse of discretion, procedural unreasonableness "is a factor that informs whether the 'reviewing court may give more weight to [the plan administrator's] conflict of interest.'" *Id.* at 510 (alteration in original) (quoting *Schexnayder v. Hartford*

No. 15-50035

*Life & Accident Ins. Co.*, 600 F.3d 465, 469–71 (5th Cir. 2010)). Even assuming that Burell's allegation of procedural irregularities is true, in light of Prudential's thorough claim review and appeal process, Burell has failed to demonstrate that this one factor is sufficient to raise a genuine dispute of material fact that Prudential abused its discretion. *See Holland*, 576 F.3d at 248–49.

Burell also argues that Prudential abused its discretion by ignoring and failing to properly investigate two grounds for long-term disability benefits— anxiety and depression. Prudential argues that Burell waived this argument by failing to raise it in the district court. "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)). To preserve an argument, it must be raised "to such a degree that the district court has an opportunity to rule on it." *Id.* at 340 (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996)). In his response to Prudential's summary judgment motion, Burell made only passing reference to this argument in the fact section of his summary judgment response. This brief reference was insufficient to give the district court an opportunity to rule on the argument, and it is therefore waived.

Even assuming that the argument is not waived, we cannot say that Prudential acted arbitrarily or capriciously with regard to Burell's anxiety and depression claim, particularly in light of the fact that our "review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end." *Corry v. Liberty Life Assurance Co. of Bos.*, 499 F.3d 389, 398 (5th Cir. 2007) (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 297 (5th Cir. 1999), *overruled on other grounds by Glenn*,

10

554 U.S. 105). During each level of review, Prudential addressed Burell's depression and anxiety claim. In its first denial letter, Prudential acknowledged that Burell's medical records document "work related stress and anxiety since April 2011" but that Burell was under treatment from a psychiatrist and his symptoms were improving. In its letter denying Burell's first appeal, Prudential stated that "based on the medical evidence, functional impairment is not supported from a physical, psychological or cognitive perspective." And in its final denial of the claim, Prudential stated that "[w]hile Mr. Burell does have depression and anxiety, typically depression and anxiety do not cause large changes in cognitive functioning, and in Mr. Burell's[] case there is no evidence of valid cognitive impairment from any source."

In light of this record, Burell has failed to raise a genuine dispute of material fact that Prudential abused its discretion in denying his claim for long-term disability benefits.

## III. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED.

No. 15-50035

RHESA HAWKINS BARKSDALE, Circuit Judge, dissenting:

For considering the summary judgment at issue, I agree with the majority that our *de novo* review is for a genuine dispute of material fact *vel non* for whether the plan administrator abused its discretion. But, I disagree with the majority's holding there was none. In that regard, it fails to "constru[e] all facts and evidence in the light most favorable to the non-moving party": Burell. *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Our deferential standard of review, together with the rarity of an ERISA appeal's having a genuine dispute of material fact, must not obscure that, on this record, summary judgment should be denied and a trial held. Therefore, I must respectfully dissent.

Burell's action is distinguishable from those on which the majority relies, for which our court held a plan administrator's denial of benefits to be reasonable: that is, not arbitrary and capricious. In *Gothard v. Metropolitan Life Insurance Co.*, 491 F.3d 246 (5th Cir. 2007), and *Sweatman v. Commercial Union Insurance Co.*, 39 F.3d 594 (5th Cir. 1994), the conflicting evidence for the claimants' disability was between the claimants' treating physicians and the insurance companies' reviewers. There, our court held it reasonable to make the "permissible choice between the position of [the plan administrator's medical reviewer], and the position of [the claimant's treating physician]". *Sweatman*, 39 F.3d at 602; *see also Gothard*, 491 F.3d at 249–50.

For Burell, conversely, Prudential's reviewers disagreed *among themselves* regarding whether his MS amounted to disability under the long-term disability (LTD) plan. We have never addressed whether such a conflict was a "permissible choice". *Sweatman*, 39 F.3d at 602. One of Prudential's reviewers, Dr. Osinubi, confirmed a diagnosis of MS, as the majority notes; but, she also observed the "consensus amongst his treating providers that [MS] is impairing his ability to

12

function at work, and the intensity of treatment with MS medications . . . all tend to support the level of severity and functional impairment that the [claimant] is reporting and all of his healthcare providers are endorsing". Moreover, Dr. Osinubi stated "there is scientific literature to indicate that the manifestation of MS may be . . . variable[,] as there are significant individual differences in the cognitive presentation of MS". The administrative record supports that statement; Dr. Attfield, the other third-round reviewer, reported "there is no indication [Burell] is frankly malingering", contradicting the report of Prudential's previous reviewer, Dr. Boone, and next reviewer, Dr. Chafetz.

And, as the majority notes, because Prudential, as plan administrator, both evaluates claims and pays benefits, there is an inherent conflict of interest. *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1761 (2014). "[W]here circumstances suggest a higher likelihood that [the conflict] affected the benefits decision", structural conflict should weigh more heavily in the court's abuse-of-discretion analysis. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 247 n.3, 248–49 (5th Cir. 2009) (quoting *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008)). That is especially true in reviewing this summary judgment. In *Holland*, the claimant "adduced no evidence . . . [the plan administrator's] conflict affected its benefits decision"; therefore, the administrator did not abuse its discretion in denying benefits. *Id.* at 249. On the other hand, the inconsistencies in Prudential's procedure point to a genuine dispute of material fact for whether Prudential's inherent conflict of interest affected its decision-making for Burell's claim.

Burell asserts Prudential's decision was procedurally unreasonable because Prudential failed to follow its own review procedures. Here, following Dr. Osinubi's review, Dr. Chafetz conducted an independent neurocognitive exam for Prudential. Similar to some of Prudential's previous reviewers, he was skeptical

of whether Burell was presenting credibly, and stated the evidence in the record did not support functional impairment based on cognitive deficiencies.

But, Dr. Chafetz was the first reviewer who was *not* provided all of the reports of Prudential's previous reviewers; based on this summary-judgment record, it appears Dr. Chafetz did not receive for his review Drs. Osinubi and Attfield's reports, which suggested disability as a result of Burell's MS. By contrast, Prudential had provided to Dr. Boone the report by Dr. Isaacson, dated just a week before Dr. Boone conducted his review. In fact, based on this summary-judgment record, every reviewer prior to Dr. Chafetz was provided with Burell's entire claim file.

Furthermore, although the district court ruled Drs. Osinubi and Attfield's conclusions "irrelevant" to Dr. Chafetz' testing Burell's cognitive abilities (which, of course, is not considered in our *de novo* review of the summary judgment), *Burell v. Prudential Ins. Co. of Am.*, No. 5:13-CV-359 at 11 (W.D. Tex. 16 Dec. 2014), Drs. Isaacson and Boone received for their reviews arguably "irrelevant" reports from prior Prudential reviewers Dr. Neuren and Nurse Garcia. And, as Drs. Osinubi and Attfield were the first whose reports leaned in favor of Burell, and Dr. Chafetz was the first of Prudential's reviewers not to receive the reports of the previous reviewers, the independence of Prudential's procedural process is called seriously into question.

Additionally, Prudential's not adequately considering Burell's diagnoses of anxiety and depression points to a genuine dispute of material fact. The majority holds this assertion is waived for failure to adequately raise it in district court; however, as Burell asserts, he presented the issue in his response to Prudential's summary-judgment motion. Therefore, it is not waived. Drs. Chafetz and Isaacson and Nurse Garcia noted these diagnoses. Dr. Isaacson and Nurse Garcia deferred judgment on whether these cognitive issues resulted in disability; and, in part because Dr. Chafetz received no reports to the contrary (i.e. from Drs.

No. 15-50035

Osinubi and Attfield), he found the record showed "extensive invalidity" as to impairment.

In addition, Prudential considered other grounds causing Burell's medical complaints that did not require it to provide LTD benefits, such as work stress, despite Burell's having been Director of Biomedical Services for all San Antonio hospital facilities since 1999, nine years before his MS diagnosis. When considered alongside the other factors pointing to Prudential's unreasonableness, its failure to consider alternative grounds provides further support for the requisite genuine dispute of material fact.

For the foregoing reasons, I would vacate the judgment and remand this action for trial. Because the majority holds otherwise, I must respectfully dissent.